FILED
CLERK'S OFFICE
DISTRICT COURT E.D.N.Y
MAR 3 - 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
UNITED STATES OF AMERICA,

                Plaintiff,

     - against -

THOMAS GIOELI, et al.,

                Defendants.
---------------------------------------------------------- X

**ORDER**

CR-08-240 (BMC)(RER)

**COGAN**, District Judge.

Presently before the Court are defendants Thomas Gioeli and Dino Saracino's motions to sever their case from defendant Joel Cacace and Mr. Cacace's motion to sever his case from Mr. Gioeli and Mr. Saracino. Both motions are GRANTED.

In a letter filed on February 10, 2011, the Government notified Mr. Gioeli, Mr. Saracino, and Mr. Cacace that the Attorney General had authorized and directed the U.S. Attorney to seek the death penalty against Mr. Cacace, but not against Mr. Gioeli or Mr. Saracino. Mr. Cacace is charged with one count of murder in-aid-of racketeering. In addition to being charged with murder in-aid-of racketeering for the same murder as Mr. Cacace, Mr. Gioeli and Mr. Saracino are also separately charged with one count of engaging in a racketeering conspiracy and two additional counts of murder in-aid-of racketeering. The racketeering conspiracy charge consists of 16 separate acts. Moreover, Mr. Saracino is individually charged with one count of conspiring to make an extortionate extension of credit, one count of preventing testimony, one count of withholding testimony and records, and one count of obstruction of an official proceeding.

Even without regard to the death penalty sought against Mr. Cacace, the imbalance of charges between the capital and non-capital defendants might suggest a severance. See United States v. Spinelli, 352 F.3d 48, 55 (2d Cir. 2003). Although the difference in the charges would not alone suffice, the introduction of the death penalty issue raises sufficient concerns about potential prejudice to push the case over the line and cause the Court to conclude that severance is appropriate. Indeed, there are readily plausible scenarios where either the capital or non-capital defendants would be prejudiced by a joint trial and the Court therefore finds that the standard of substantial prejudice has been met.

Accordingly, the Court hereby severs Mr. Gioeli and Mr. Saracino's case from Mr. Cacace's case. See Fed. R. Crim. P. 14(a). The trial of the former shall proceed as previously scheduled, and the trial of Mr. Cacace shall be separately set for a subsequent date.

**SO ORDERED.**

/s/(BMC)

_____
U.S.D.J.

Dated: Brooklyn, New York
       March 1, 2011