# Gang Land News
Real Stuff about Organized Crime
http://www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ MAY 0 2 2011 ★

BROOKLYN OFFICE

May 2, 2011

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: US v. Thomas Gioeli and Dino Saracino, Docket #08CR240

Dear Judge Cogan:

As an interested party, a reporter/columnist who has written about this case in the past, I petition you to unseal the motion, identified on the docket sheet as document 1134, which you have sealed, apparently on the grounds that it may contain material that is in some way prejudicial to one of the defendants who are slated to go to trial for multiple murders later this year.

Please treat this letter as a "pro-se" motion to unseal document 1134, which, upon information and belief, was publicly filed by the government and subsequently sealed by your honor after a defense attorney, or attorneys, requested that it be sealed.

Without knowing the subject matter of the sealed papers, it is difficult to point out with any degree of specificity exactly why they should not be sealed. But the overwhelming evidence that is available, coupled with the inferences that can be drawn from the timing of the government's filing, makes it virtually impossible to fathom a reason why they should remain sealed.

It is well established in this district, and in federal courts around the country, that except for extraordinary reasons, namely those that involve national security or safety of witnesses or other individuals, the public and the press have a common law right as well as a First Amendment right to all judicial documents in all criminal cases.

In this case, since the motion papers were initially filed publicly by the government, the obvious inference is that the three veteran prosecutors currently assigned to the case did not believe that they should be sealed.

The timing of the filing, contemporaneously with a motion that seeks an anonymous jury, indicates that the sealed papers are what is generally referred to as a 404B motion, one that alerts the defendants and the court of materials that may not have much to do with specific crimes that

1

are charged in the indictment but which the government believes are other uncharged crimes or bad acts that it has the right to tell the jury about, for one reason or another.

These 404B motions are invariably filed publicly in racketeering cases involving organized crime defendants and other in this district.

Indeed, in a trial of other defendants charged in the instant indictment that went to verdict before your honor last year, the government publicly filed a 404B motion that asked permission to include evidence of murders against one defendant, John Franzese, that were much more serious than any of the crimes he was charged with in the indictment. As your honor will recall, you denied the government's 404B motion, the evidence was not introduced at trial, and the defendant was not prejudiced in any way.

Here, it is difficult to imagine how the defendants, who are charged with multiple murders, including the execution slaying of a New York City police officer, can be unfairly prejudiced at a trial that is some six months away, by any allegations that were to be publicly disclosed at this time and ruled inadmissible by your honor.

For the reasons stated above, as well as all other provisions of the federal rules of evidence and the First Amendment of the Constitution of the United States that may apply, on behalf of the public and the press, I, and New York Daily News reporter John Marzulli, ask that you unseal the motion papers identified on the docket sheet as #1134 as well as the defense motion that caused the papers to be temporarily sealed by your honor.

Thank you, in advance, for your prompt consideration to this matter.

Sincerely,

Jerry Capeci

John Marzulli

cc AUSA's Cristina Posa, James Gatta, Elizabeth Geddes
   attorneys Adam Perlmutter, Samuel Braverman