

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EAG/JDG/CMP
F.#2008R00530

*271 Cadman Plaza East*

*Brooklyn, New York 11201*

May 5, 2011

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Thomas Gioeli, et al.
            Criminal Docket No. 08-240 (S-6) (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter in response to the Court's order, dated April 23, 2011, temporarily sealing the government's memorandum of law in support of its motion in limine to admit at trial evidence of certain acts by the defendants Thomas Gioeli and Dino Saracino as evidence of the charged racketeering conspiracy or, in the alternative, pursuant to Federal Rule of Evidence 404(b), filed on April 22, 2011 (the "Motion"). In the Motion, the government seeks to admit evidence of uncharged criminal activity committed by the defendants.[1]

      In a letter filed under seal on April 23, 2011, the defendant Gioeli claimed that the Motion should remain under seal because it contained information about acts that have "*never* been charged" (original emphasis), which Gioeli claims could unduly prejudice potential jurors. In a letter dated May 2, 2011, Jerry Capeci of the "Gang Land News" web site and John Marzulli of the *New York Daily News* filed a letter opposing the sealing of the Motion based on the principles of freedom of the press and public access to trials.

---

      [1]    The government refrains herein from detailing the specific contents of the Motion in deference to the sealing order.

The Honorable Brian M. Cogan
May 5, 2011
Page 2

The government respectfully submits that there is no compelling reason to seal the Motion. The fact that the acts described in the Motion have "never been charged" is of no moment, as motions in limine of this nature, by definition, are based on evidence of uncharged criminal acts. Additionally, there is nothing in the Motion that would endanger any witnesses.

Gioeli's summary claim that the contents of the Motion may "taint any prospective juror pool" is without merit. He has not shown and cannot show a "significant risk of prejudice to the defendant's right to a fair trial," one factor to be weighed in deciding motions such as sealing documents and courtroom closure, by prejudicing the jury pool. Application of The Herald Co., 734 F.2d 93, 100 (2d Cir. 1984) (reversing courtroom closure order based on district court's failure to state basis for closure, such as "significant risk of prejudice to the defendant's right to a fair trial or of danger to persons, property, or the integrity of significant activities entitled to confidentiality, such as ongoing undercover investigations or detection devices," and applying same standard in discussion of sealing the content of a document).

The uncharged crimes are either similar in nature to or less sensational than the charged crimes, which include, inter alia, six murders, including the murder of a New York City Police Department Officer. Moreover, even assuming arguendo that some of the uncharged crimes detailed in the Motion were more sensational than the charged crimes, there still would be no significant risk of tainting the jury pool. Indeed, information about co-defendant John Franzese's involvement in past murders was publicly filed in a similar in limine application prior to Franzese's trial, which motion was denied by the Court. Jury selection in Franzese's trial last year was not hindered in any way by the extensive press coverage of those allegations of uncharged crimes, and unlike Gioeli, Franzese was not charged with multiple murders.[2]

---

[2]     The government respectfully notes that Gioeli's purported attempt to shield himself from press coverage and avoid tainting the jury pool appears disingenuous in light of his internet blog, "Alleged Mob Boss Tommy Gioeli's Voice," which discusses the government's anticipated witnesses and others involved in this case.  See http://tommygioelisvoice.blogspot.com

The Honorable Brian M. Cogan
May 5, 2011
Page 3

      Finally, any possible prejudice to the defendants can be effectively mitigated during voir dire by polling prospective jurors as to their familiarity with any media coverage and giving a cautionary instruction limiting the jury's consideration to the evidence presented in the case.

      For these reasons, the government respectfully requests that the Motion be unsealed.

                                    Respectfully submitted,

                                    LORETTA E. LYNCH
                                  United States Attorney

                          By:  /s/ Cristina M. Posa
                                  Elizabeth A. Geddes
                                  James D. Gatta
                                  Cristina M. Posa
                                  Assistant U.S. Attorneys

cc:  Clerk of the Court (BMC) (by ECF)
     All Counsel (by ECF)

---

(last accessed May 5, 2011).