# CARL J. HERMAN
ATTORNEY AT LAW

443 Northfield Avenue
West Orange, New Jersey 07052
Telephone: (973) 324-1011   Facsimile: (973) 324-1133
Email: cjherman@carlherman.com   Website: www.cjhermanlaw.net
www.carljherman-criminal-lawyer.com

May 10, 2011

**VIA ECF**

Hon. Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                        Re:    *United States v. Thomas Gioeli, et al.*
                                Criminal Docket No.: 08 CR 240 (S-6)(BMC)

Dear Judge Cogan:

      Thomas Gioeli respectfully submits this letter in support of the Court's previous Order sealing the government's memorandum of law in support of its *in limine* motion filed on April 22, 2011 (Doc. No. 1133). The defense continues to believe that this document should remain sealed until such time as the Court rules on the admissibility of the proffered evidence.

      In making this application, the defense is aware that the press and the public have a qualified First Amendment right to attend a criminal trial. See *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982); and *Richmond Newspapers v. Virginia*, 448 U.S. 555 (1980). This right, however, is not co-extensive with a defendant's absolute Sixth Amendment guarantee of a public trial. See *In Re Oliver*, 333 U.S. 257, 266-73 (1948). For example, neither the First Amendment nor the Sixth Amendment requires that a trial be broadcast on television or radio; it is sufficient that the public has a right to attend the court proceedings. See *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 610 (1978). Similarly, courts have found the right to a public trial applies to pretrial suppression hearings, *Waller v. Georgia*, 467 U.S. 39, 47 (1984); preliminary hearings, *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 12 (1986); jury selection, *Presley v. Georgia*, 130 S.Ct. 721, 725 (2010); and guilty pleas and sentencings. See *United States v. Alcantara*, 396 F.3d 189, 196-99 (2nd Cir. 2005).

Hon. Brian M. Cogan, U.S.D.J.
United States District Court
May 10, 2011
Page 2

Significantly, research discloses no cases in which the United States Supreme Court has ruled that the press and public have an unqualified right to review applications such as the one at issue in this case. Moreover, the defense does not contend that the press be barred in any manner from any of the courtroom proceedings in this case. This is not a "closure of the courtroom" issue. This is simply a prudent decision to limit the public exposure of material which may (or may not) be disclosed at trial.

The court may wish to look to the treatment of Title III materials, 18 U.S.C. §§ 2510-2522, by other courts as instructive in this regard. Where the government wishes to use Title III materials in a publicly-filed pretrial memorandum or brief, it must give a defendant notice and an opportunity to object. *United States v. Gevena*, 869 F.2d 82, 86 (2nd Cir. 1989). The district court must then determine whether the defendant's interest in privacy or a fair trial outweighs the public's right of access so as to require that the materials be sealed. See *Gevena*, 869 F.3d at 86. See, also, *Matter of the New York Times*, 834 F.2d 1152, 1154 (2nd Cir. 1987)(Court may order redaction of Title III material to protect a defendant's right to a fair trial even if redaction would render the material "almost meaningless").

The government states categorically that there is "no significant risk of tainting the jury pool" (Doc. No. 1140, at page 2). They appear to be in agreement with Messrs. Marzulli and Capeci, who confidently assert that no unfair prejudice will result from the disclosure of information which they candidly admit they have no knowledge of. What is in danger of being lost here is that it is Mr. Gioeli who is entitled to a trial "by an impartial jury." U.S. Const. Amend. VI. This is not a right which may be waived, notwithstanding the government's apparent position that the fact that Mr. Gioeli publishes an internet "blog" somehow impacts on the Court's obligation to ensure an unbiased jury pool.

The truth is that the information proffered in the government's motion has the potential, if publicized, to taint the jury pool and to render the Court's obligation to conduct a searching *voir dire* that much more difficult. The public has no right to have access to information which may never be presented at a public trial.

Respectfully submitted,

CARL J. HERMAN

CJH:mdr

cc:     All Counsel of Record