# Law Office of Sam Braverman

| | |
|---|---|
| 901 Sheridan Avenue | PO Box 127 |
| Bronx, New York 10451 | Tenafly, New Jersey 07670 |
| Tel (718) 293-1977 | Tel (201) 569-1595 |
| Fax (718) 293-5395 | Fax (201) 596-2724 |
| Braverlaw@aol.com | |

September 12, 2011

Hon. Brian M. Cogan
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York

Re:   United States v. Thomas Gioeli and Dino Saracino
Dkt:   08 Cr

Dear Judge Cogan:

Please accept this letter brief in lieu of more formal briefing papers. On behalf of both defendants, I make this motion for a continuance.

In this matter, there are literally thousands of documents and recordings made over the last 20+ years by law enforcement regarding the activities of alleged members of organized crime in the Eastern District of New York. There have been a dozen high profile trials of some of those alleged members, and each trial has involved a phalanx of attorneys working to review that evidence in preparation for those trials. The task stretches the bounds of possible given the time constraints of trial scheduling.

In the instant case, I was assigned by this Court on March 30, 2011 At that time, a trial date was set for May, 2011, but at the first conference I participated in as trial attorney, the date for jury selection was moved to September 26, 2011 (subsequently moved to October 11, 2011) to accommodate the immense amount of discovery review, not only for me as new counsel, but also for the defendants (who have a fundamental right to confront the witnesses against them and were having great difficulty reviewing the material in jail), and for co-counsel who had been in this case for nearly three years and still was unable to be ready for trial on the appointed date because of the immense amount of discovery.[1]

In a meeting with Jerry Tritz, the CJA budgeting coordinator for the Second Circuit Court of Appeals, I requested legal assistance similar to that of appointed co-

---

[1] I obtained the files of prior counsel, but he did not produce a comprehensive review of all the previous discovery, and he did not have the in issue 3500 and Rule 16 materials. Therefore I cannot determine if all the discovery had been reviewed at least once by any counsel and therefore it had to be done by me.

counsel (a second chair attorney and support staff) and was given approval. I have now assembled a trial team of myself, a second chair (Louis Fasulo), three associates (Heather Bird, Giovanni Rosania, and Aaron Goldsmith), and five paralegals (Alex Gustman, Nussir Habboush, Amit Elhanan, Jennifer Carmona, and Icelsa Gonzalez)[2]. In the 5 months since I have been assigned this case, the defense team has spent hundreds of hours reviewing the evidence, and as of last Friday, September 9, 2011, I believed that a complete review of every document and recording would have been completed by Friday, September 23, 2011. This would likely have been sufficient to be prepared for trial on October 16, 2011.

However, as the Court is aware, the Government has been producing 3500 material "on a rolling basis", starting with the agreed upon date of August 15, 2011. On Friday, September 9, 2011, the Government produced approximately 475 computer discs containing recorded conversations of two of their main cooperating witnesses. A sampling of these discs indicates that each disc has 1-4 recordings of varying length between 1 and 3 hours apiece. By conservative estimate, the latest production is approximately 2000 hours of audio recordings, or 10 person/months of real-time listening at 50 hours/week. Although these recordings span over 20 years of law enforcement invetigation, and represent 3500 material for several previous trials, there are not identified in any way except by date of recording and one name of a person who is recorded. There is no indication of who else is on the tape, or what is discussed. There are no line sheets for the recordings. In a phone conference yesterday between defense counsel and the Government, I requested some assistance in identifying the nature and participants of the conversations. The Government indicated that it did not have any line sheets, any itemization of the conversations, any discovery as to what was included in those conversations, and would not prepare any, despite the production of the tapes in previous trials. The Government also "determined" that the totality of the produced recordings was "irrelevant" because they did not believe that the target witnesses of the tapes spoke with Mr. Saracino on the tapes, although they were not certain of this and suggested that I inquire of my client if he ever spoke with the targeted witnesses over the last 20 years or counsel from the other trials for their suggestions.

The Government also produced Brady material, Rule 16 material, and additional 3500 material on August 29 and 30, 2011. Under separate cover, the defendant is making a specific Brady request for further production of discovery materials as the disclosed information goes directly to the issues in the case. The Government conceded in its Brady disclosure that it had the additional materials, but deemed them "irrelevant" to the issues at trial and thus not required to be disclosed.

Finally, the Government indicated that discovery and 3500 production is not complete. It indicated that for all the law enforcement witnesses and non-cooperating civilian witnesses, there is likely additional discovery not presently in their possession

---

[2] Mssrs. Gustman, Habboush, and Elhanon graduated from Pace University Law School in 2011 and have taken the New York Bar examination and are awaiting their results.

that will be forthcoming at some future date. The Government declined to say exactly how much additional discovery there would be, except that it will not be "voluminous".

The defense has also encountered technical problems in the review of the discovery. Because of the protective order issued in this case, and the limited accessibility of the defendants to their discovery materials, their review has been substantially slowed.

a. Mr. Saracino was given an iPod containing the discovery in this case as of mid-June, but it took 3 weeks to get to him from the producer DupeCoop, and it is currently out of date for the entire discovery produced by the Government after its creation date. To return the iPod to DupeCoop to be updated would require taking it away from Mr. Saracino for perhaps another 3 weeks, further delaying his review of the evidence against him.
b. One of the harddrives of the discovery used by my defense team to review the evidence crashed and had to be repaired by DupeCoop, but the replacement did not contain 70% of the discovery and is now being replaced again.
c. Because of the protective order entered in this case, a person from my office must be present at the jail to supervise Mr. Saracino reviewing the evidence against him. At the present rate of production and Mr. Saracino's ability to review the evidence, it is a fair estimate that he will have heard and read all the evidence by next summer.
d. In an effort to give access to as many members of the Saracino defense team as possible to speed the review, I have purchased cloud storage so that several members can simultaneously review documents and recording and not have to share the physical discovery production. However, the limitations on what can be stored and accessing that discovery has not eliminated the review problems.

Due to both the massive amount of information collected by the Government during its investigation, and the technical issues caused by the varying formats in which the information was produced by the Government and the protective order, counsel for Mr. Saracino has not completed their review of the discovery and will not be able to do so prior to the trial date of October 11, 2011.

The sheer volume of discovery requires hundreds of hours to not only read the material, but to organize and synthesize its content. It takes approximately one hour to read and adequately review 30 pages of discovery. All the recording must be listened to in real time (e.g., an hour recording takes an hour to listen to) and at least 30 minutes to create a log of the material for review.

Moreover, in addition to the review of the materials produced by the Government, defense counsel also needs to conduct an adequate investigation into the Government's case. The government interviewed dozens of witnesses over the course of its many-year investigation. Defense counsel cannot conduct an adequate investigation of these witnesses over the period of 30 days that remain. Counsel represents to this Court that it

cannot provide a constitutionally adequate defense under the circumstances. No person charged with a crime by the Government, regardless of the resources at his or her disposal, could reasonably be expected to prepare a constitutionally adequate defense under these circumstances.

      Therefore the defendants jointly request a continuance until January, 2012, for the commencement of trial so that they may be prepared for a trial. This matter is presently scheduled for a conference on September 19, 2011 and it is requested that this issue be placed on the calendar for discussion and argument at that conference.

Respectfully submitted,

Sam Braverman<br>
Attorney for Dino Saracino

Cc:    All counsel by ECF