RECEIVED
Hon. Brian M. Cogan
NOV 14 2011

# Gang Land News
Real Stuff about Organized Crime
http://www.ganglandnews.com
capeci@ganglandnews.com

DOCKET & FILE

**JERRY CAPECI**
webmaster

November 10, 2011

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: US v. Thomas Gioeli and Dino Saracino, Docket #08CR240
    *(Corrects document numbers at bottom of page 2.)*

Dear Judge Cogan:

I am a reporter/columnist who has written about this case numerous times since the indictment was filed in 2008. As an interested party, I petition you to treat this letter as a "pro-se" motion to unseal several pre-trial documents that have been filed under seal by defense counsel for defendant Thomas Gioeli.

The first set of court papers, according to the official court docket sheet, was filed on September 16, 2011 by attorney Adam Perlmutter. The papers are docketed as a reply to a publicly filed government response to a motion for sanctions that was publicly filed by co-defendant Dino Saracino on August 18, 2011. The papers are listed as document #1265, and exhibit #1.

More recently, on October 27, 2011, Perlmutter filed a Memorandum of Law (document #1292) and an accompanying affirmation in opposition to an *in limine* motion that was publicly filed by the government in September. The *in limine* motion was the subject of an article in my Gang Land News column of October 13, 2011, as well as a story in The New York Daily News on September 20, 2011.

In many cases, the Second Circuit has recognized a motion to intervene as the procedurally proper device for purposes of protecting the public right of access in a criminal proceeding. *See, e.g., United States v. King,* 140 F.3d 76, 77 (2d Cir. 1998); *United States v. Haller,* 837 F.2d 84, 85 (2d Cir. 1988); *Herald,* 734 F.2d at 96. Accordingly, I should be allowed to intervene for the limited purpose of asserting the public's right of access to the sealed documents cited above.

In each instance, the sealed documents were filed in response to a publicly filed pre-trial motion in the case. In neither instance was any reason given why the papers should be filed under seal. Indeed, there is no indication on the docket sheet that the papers are sealed. Only when members of the press or public try to access the papers via ECF, does that become apparent.

1

# Gang Land News
Real Stuff about Organized Crime
http://www.ganglandnews.com
capeci@ganglandnews.com

**JERRY CAPECI**
webmaster

When someone seeks access to either document via ECF, instead of obtaining access to a copy of the document, the person receives a three-word message: "Document Under Seal."

It is well established in this district, and in federal courts around the country, that except for extraordinary reasons, namely those that involve national security or safety of witnesses or other individuals, the public and the press have a common law right as well as a First Amendment right to all judicial documents, including pretrial motion papers, in all criminal cases.

As this court stated yesterday regarding an unrelated, but similar matter involving the same attorney, "There is a common law right of public access to judicial documents as well as a qualified First Amendment right of access to such documents." (Docket sheet entry dated 11/09/2011.)

Clearly, document #1265 and exhibit #1, as well as document #1292 and the accompanying affirmation, are "judicial documents" to which the public and press should have access.

Since attorney Perlmutter has made no showing why those documents should be sealed, I ask most respectfully that you unseal the motion papers identified on the docket sheet as documents #1265 and #1292 and all their accompanying documents.

Thank you, in advance, for your prompt consideration to this matter.

Sincerely,

Jerry Capeci

cc  AUSA's Cristina Posa, James Gatta, Elizabeth Geddes
    attorneys Adam Perlmutter, Samuel Braverman