

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NMA:EAG/JDG/CMP                         *271 Cadman Plaza East*
F.#2005R00248                           *Brooklyn, New York  11201*

November 14, 2011

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. Thomas Gioeli, et al.
>      <u>Criminal Docket No. 08-240 (S-6)(BMC)</u>

Dear Judge Cogan:

The government respectfully submits this letter in opposition to the defendant Thomas Gioeli's request for bail to attend his eldest daughter's December 2, 2011 wedding.  For the reasons recounted in the government's prior detention memoranda (<u>see</u> Mem. of Law in Support of Gov't's Mot. for Detention, dated June 4, 2008 (Docket No. 17) (attached as Exhibit A); Ltr. in Support of Detention, dated Dec. 18, 2008 (Docket No. 178) (attached as Exhibit B); Ltr. in Opp. to Gioeli's Mot. for Bail, dated Jan. 28, 2010 (Docket No. 2198) (attached as Exhibit C)), releasing Gioeli on the requested bail package - or any bail package - would pose a danger to the community and a risk of flight, and accordingly Gioeli's request should be denied.

At the time of his arrest in June 2008, Gioeli was the acting boss or "street boss" of the Colombo organized crime family of La Cosa Nostra ("Colombo family").  Although his tenure as the street boss has ended in light of his incarceration, Gioeli continues to wield power over members and associates of the Colombo family in light of his position of authority.  Accordingly, Gioeli has the means to direct any of his numerous criminal associates to commit violent crimes at his behest.  Moreover, the charges for which Gioeli is currently under indictment - including five murders - demonstrate that Gioeli has repeatedly used that authority.  Indeed, Gioeli has directed or authorized his associates to commit multiple murders.

The posture of the case - weeks before trial and after the defendant has had an opportunity to review the government's August 2011 disclosures of voluminous material pursuant to 18 U.S.C. § 3500 - further increases the danger to the community - and in particular to those expected to testify against Gioeli. Having now had an opportunity to review the bulk of the evidence against him, and in particular, the statements of cooperating witnesses, Gioeli currently has a substantial incentive to authorize and direct his criminal associates to commit violence to preclude their perceived testimony or the testimony of other potential witnesses against him.  Notably, among the murders authorized by Gioeli was the murder of Richard Greaves, an individual whom Gioeli and his criminal associates believed might cooperate with law enforcement.

Nor is there merit to Gioeli's suggestion that the danger would be curtailed due to the limited nature of the request and the employment of a private security company to monitor Gioeli's activities.  To the contrary, the danger in releasing Gioeli to attend his eldest daughter's wedding is heightened because weddings have long been viewed by members and associates of the Colombo family and La Cosa Nostra ("LCN") as opportunities to gather LCN crews, discuss criminal activity, pass and receive messages, and make tribute payments.  Further, a private security company could not possibly effectively monitor Gioeli's activities at a crowded wedding.  And even if the government were permitted to inspect the official guest list, as Gioeli suggests, it would be virtually impossible to insure that only those guests on the official list attended the wedding.  Nor would it prevent a member or associate from passing or receiving a message from a member or associate to Gioeli through an individual included on the official guest list.

Furthermore, even assuming arguendo the package were sufficient to protect the community, the Second Circuit has made clear that such elaborate bail packages are not appropriate. See United States v. Dono, Nos. 07-5333-cr(L), 07-5334-cr(CON), 2008 WL 1813237, at *2-3 (2d Cir. April 23, 2008) (rejecting conditions that included, among others, home detention and electronic monitoring, and a requirement that the defendant's father – a retired police officer – take "personal responsibility" for the defendant, a Colombo family captain); United States v. Ferranti, 66 F.3d 540, 543-44 (2d Cir. 1995) (rejecting $1 million bail secured by real property); United States v. Orena, 986 F.2d 628, 630-33 (2d Cir. 1993) (rejecting $3 million bail secured with real property, in-home detention,

restricted visitation and telephone calls, and electronic monitoring); United States v. Colombo, 777 F.2d 96, 100 (2d Cir. 1985) (rejecting, among other conditions of release, $500,000 bail secured by real property).

Accordingly, the government submits that Gioeli's request should be denied.

                                                    Respectfully Submitted,

                                                    LORETTA E. LYNCH
                                                    United States Attorney

                                  By:  /s/_____
                                          Elizabeth A. Geddes
                                          James D. Gatta
                                          Cristina M. Posa
                                          Assistant U.S. Attorneys

cc:   Clerk of the Court (BMC) (by ECF)
     Adam D. Perlmutter, Esq.
     Carl J. Herman, Esq.