# LAW OFFICES OF ADAM D. PERLMUTTER, P.C.
### ATTORNEYS AT LAW

**260 MADISON AVENUE, SUITE 1800**
**NEW YORK, NY 10016**
**TEL. (212) 679-1990**
**FAX. (212) 679-1995**

ADAM D. PERLMUTTER, ESQ.

JENNIFER LOUIS-JEUNE, ESQ.

OF COUNSEL
PAUL GREENFIELD, ESQ.

September 16, 2011

**VIA ECF (UNDER SEAL)**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11001

    Re:   **United States of America v. Thomas Gioeli, *et al.*
           Case No. 08-cr-240 (S-6) (BMC) (RER)**

Dear Judge Cogan:

      I am counsel for Thomas Gioeli, along with co-counsel Carl J. Herman, Esq., in connection with the above matter. I am writing in further support of Defendant Dino Saracino's motion for sanctions related to the government's failure to preserve recordings of cooperating witness Dino Calabro at the MDC using the phone account of prior co-defendant Nicholas Bova and others. Defendant Gioeli joined in the motion for sanctions.

      In the government's response, it repeatedly claimed the defendants had somehow waived the good faith basis for their argument that Calabro used Bova's MDC phone account and the recordings contain exculpatory or impeachment evidence. *See* Letter of AUSA Christina Posa, dated September 2, 2011, ECF Docket No. 1251, at 3, 5-6. Defendant Gioeli replied that defendants did not make any such waiver but that the Court's finding of defendants' good faith basis for their allegations against Calabro were left to the Court's discretion since they could not confirm that Calabro engaged in such conduct without access to the recordings themselves. *See* Letter of Adam D. Perlmutter, Esq., dated September 9, 2011, ECF Docket No. 1257, at 1.

      As a result of 3500 discovery review, defendants have now learned that the government has been well aware, since at least June 4, 2010, that Calabro, in fact, illegally used Bova's MDC phone account and the accounts of others as well.

The Honorable Brian M. Cogan
September 16, 2011
Page 2 of 2

Specifically, Calabro told the government that he used "Nicky Bova's phone account to call his wife [Andrea Calabro] for approximately two months." He also used the account of an unidentified male whom he referred to as the "Spanish kid Shorty." Calabro also admitted to calling an individual named "Joe T.", his brothers and other individuals using these surreptitious means of communication. In addition, Andrea Calabro would also send money to the commissary accounts of other individuals to purchase additional phone access for her husband. *See attached* Gov. Ex. 3500-DC-38 at 3. Upon information and belief, Calabro's calls involved, *inter alia*, having Andrea Calabro, his brother, Anthony Calabro, and others continue to collect loansharking proceeds on Calabro's behalf. These activities are, in part, the subject of the pending case *United States v. Anthony Calabro, et al.*, Case No. 11-cr-30 (KAM) (RER).

In light of the foregoing, the government has no basis for claiming that defendants have not asserted a good faith basis for believing that the Bova recordings contain exculpatory material as well as impeachment evidence of continued criminal activity by Dino Calabro.

We want to thank the Court for its continued consideration of this matter.

Respectfully submitted,

Adam D. Perlmutter

Enclosure

Cc: AUSA Elizabeth Geddes (via electronic mail w/ encl.)
    AUSA James Gatta (same)
    AUSA Christna Posa (same)
    Sam Braverman, Esq. (same)
    Louis Fasulo, Esq. (same)
    Thomas Gioeli (via regular mail w/o encl.)

# EXHIBIT HAS BEEN REDACTED

Case 1:08-cr-00240-BMC-RER   Document 1311   Filed 11/28/11   Page 3 of 3 PageID #: 7335