```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :   **MEMORANDUM**
                                         Plaintiff,         :   **DECISION AND ORDER**
                                                            :
                  - against -                               :   CR-08-240-2 (BMC)
                                                            :
THOMAS GIOELI,                                              :
                                                            :
                                         Defendant.         :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before me on the government's motion to quash a subpoena issued on behalf of defendant Thomas Gioeli. The subpoena orders the Nassau County Police Department Legal Bureau to "provide any and all records relating to" the murders of Michael Imbergamo and John Minerva. I gave Gioeli one-week to respond to the government's motion; he failed to file any opposition.

Rule 17(c) of the Federal Rules of Criminal Procedure governs the issuance of subpoenas for the production of documents and objects. It provides: "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). A court has the authority to "quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

Rule 17(c) is not to be used as a means of obtaining discovery. See United States v. Nixon, 418 U.S. 683, 699, 94 S. Ct. 3090 (1974); see also United States v. Cherry, 876 F. Supp. 547, 552 (S.D.N.Y. 1995). To that end, the party requesting a Rule 17(c) subpoena must demonstrate that the materials sought are relevant, admissible, and specific. See Nixon, 418 U.S.

at 700, 94 S. Ct. 3090. Moreover, a Rule 17(c) subpoena cannot be used to obtain statements made by witnesses or prospective witnesses. See Fed. R. Crim. P. 17(h).

Here, Gioeli has failed to demonstrate that the records he seeks are admissible. And the fact that he requests "any and all records" related to the Imbergamo and Minerva murders is a strong indication that the subpoena is intended as an impermissible "fishing expedition." Nixon, 418 U.S. at 699, 94 S. Ct. 3090 (internal quotation marks omitted). Finally, to the extent that Gioeli is seeking statements made by witnesses or prospective witnesses, a Rule 17(c) subpoena is not the proper vehicle for obtaining such material.

Accordingly, the government's [1312] motion to quash the subpoena issued to the Nassau County Police Department Legal Bureau is GRANTED.

**SO ORDERED.**

s/ BMC

U.S.D.J.

Dated: Brooklyn, New York
December 8, 2011