# LAW OFFICES OF ADAM D. PERLMUTTER, P.C.
### ATTORNEYS AT LAW

**260 MADISON AVENUE, SUITE 1800**
**NEW YORK, NY 10016**
**TEL. (212) 679-1990**
**FAX. (212) 679-1995**

ADAM D. PERLMUTTER, ESQ.
–
JENNIFER LOUIS-JEUNE, ESQ.
DANIEL A. MCGUINNESS, ESQ.

OF COUNSEL
PAUL GREENFIELD, ESQ.

January 11, 2012

**VIA ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** **United States v. Thomas Gioeli,** *et al.*
**Case No. 08-cr-240 (S-6)(BMC)(RER)**

Dear Judge Cogan:

      I am counsel along with Carl J. Herman, Esq., appointed pursuant to the Criminal Justice Act, to represent defendant Thomas Gioeli in connection with above matter. We are writing to submit this letter brief in opposition to the government's second motion *in limine*, dated December 14, 2011, to admit certain purported out of court hearsay statements of Vincent Manzo at trial as either: (i) statements in furtherance of a continuing conspiracy or (ii) declarations against penal interest. *See* ECF. Doc. No. 1318.

      By decision dated December 8, 2011, the Court previously ruled on similar evidentiary issues following the government's first motion *in limine*. *See* ECF Doc. No. 1316 (Memorandum and Decision) (hereafter "Decision"); *see also* ECF Doc. No. 1259 (Government Motion). While Gioeli takes exception to the Court's prior ruling in several respects, and reserves all rights thereunder, he acknowledges that the Court's decision now constitutes the law of the case with respect to these legal issues. He therefore proceeds accordingly to not further burden the record but adopts his and defendant Dino Saracino's prior positions with respect to the relevant legal issues. *See* ECF Doc. No. 1301, Gioeli Response in Opposition, dated October 27, 2011; *see also* ECF Doc. No. 1293, Saracino Response in Opposition, dated November 1,

The Honorable Brian M. Cogan
January 11, 2012
Page 2 of 6

2011. For the reasons stated therein, as well as those enumerated *infra,* the government's motion should be denied in its entirety.

> A. **Manzo's Statements are not in Furtherance of
> A Conspiracy Involving Gioeli**

As an initial matter, Manzo's statements are not admissible pursuant to Federal Rule of Evidence 801(d)(2)(E). As the Court made clear in its prior ruling, for a statement to fit within the co-conspirator statement against hearsay exception:

> [A] district court must find two factors by a preponderance of the evidence: first, that a conspiracy existed that included the defendant and the declarant; and second, that the statement was made during the course of and in furtherance of that conspiracy.

*See* Decision at 5, *citing, United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999).

> "[S]tatements relating to past events meet the in-furtherance test if they serve some current purpose in the conspiracy." *United States v. Thai*, 29 F.3d 785, 813 (2d Cir. 1994)…Nevertheless, to be "in furtherance of the conspiracy, a statement must be more than 'a merely narrative' description by one co-conspirator of the acts of another." *Desena*, 260 F.3d at 158; *see also Thai*, 29 F.3d 813 (noting that "statements that are merely 'idle chatter' or that are 'entirely retrospective' are not in furtherance of the conspiracy").

*See* Decision at 5-7.

There is nothing about the proffered Manzo statements to suggest that they involve an ongoing conspiracy involving either Gioeli or his co-defendant. The statements, if they are to be believed, discuss historic events regarding the death of William "Wild Bill" Cutolo. While there are passing references to both Gioeli and Saracino, which will be discussed *infra*, neither Manzo's statements, nor those of the cooperating witness, Reynolds Maragni, suggest in any way an ongoing relationship or activities involving Gioeli or Saracino. There is also nothing to demonstrate that they were made in furtherance of a conspiracy between Gioeli and Manzo – or for that matter Saracino and Manzo. In addition, the government has not asserted that Manzo shared this information with Maragni so that Maragni would pass it along to Gioeli or Saracino. The statements themselves do not suggest this purpose in any way. Accordingly, Manzo's statements clearly fall outside F.R.E. 801(d)(2)(E) and are not admissible on that basis.[1]

---

[1] The Court's decision on the prior motion *in limine* noted that defendants failed to object on the grounds that the government has not established the unavailability of (1) Roger Califano; (2) Reynolds Maragni; (3) Walter Samperi; and (4) Anthony Calabro. Decision at 9. The issue of Reynolds Maragni's availability is now apparently moot since the government intends to call him as a cooperating witness. The government has not provided any evidence that Califano, Samperi, and Calabro are, in fact, unavailable. Gioeli presumed the unavailability of these witnesses, without conceding or waiving this issue, solely because he believed that these individuals were incarcerated on pending charges at the time

The Honorable Brian M. Cogan
January 11, 2012
Page 3 of 6

      **B.    Manzo's Statements are Not Admissible as
Statements Against Penal Interest**

      Gioeli takes exception with the Court's prior ruling with respect the admissibility of co-conspirator statements. To the extent that Gioeli's previous arguments require finding the Manzo statements are inadmissible, he reiterates them here.

      In addition, Manzo's statements are not against penal interest because his participation in disposing Cutolo's body, if believed, would *not* expose him to criminal liability because of the applicable statute of limitations. Specifically, Manzo could only be charged with being an accessory after the fact in a federal prosecution (*see* 18 U.S.C. § 3) and that charge would be subject to the 5 year statute of limitations under 18 U.S.C. § 3281, well beyond the 1999 date associated with Cutolo's death. Similarly, New York Penal Law § 205.65 (Hindering Prosecution in the First Degree) is a class D felony and subject to a five-year statute of limitations period under New York Criminal Procedure Law §30.10(2)(b). As a result, Manzo was not in penal jeopardy in 2011 when he made the proffered statements since they related to twelve year-old events, well beyond the 5-year statute of limitations. *See Fossyl v. Milligan*, 317 Fed. Appx. 467, 476-77 (6th Cir. March 18, 2009) (declarant left Ohio to live in Florida sometime after murder, tolling the statute of limitations on several felonies with which she could have been charged, including obstruction of justice, complicity, and failure to aid law enforcement. Therefore, she could have faced civil and criminal liability, and her statements were properly admitted as statements against interest, pursuant to 804[b][3] of the Federal Rules of Evidence). Indeed, the only reason Manzo may have believed his penal interest was at jeopardy was because Special Agent Scott Curtis and Reynolds Maragni misled him to think that was the case when, in fact, it was not.

      Gioeli also joins in Saracino's argument that Manzo's statements are not admissible because their probative value is not outweighed by their prejudice. *See* ECF Doc. No. 1326, Saracino Memorandum in Opposition to Government Motion *In Limine*, dated January 10, 2012 at 8-10. Specifically, the purported statements are unclear, contradictory, the product of manipulation by Maragni, or are wholly irrelevant to 804(b)(3) such that they lack any reliable probative value. Since the government offers the statements to connect Gioeli and Saracino to Cutolo's disappearance, the potential prejudice from these unreliable statements outweighs their dubious probative value. F.R.E. Rule 403.

---

of the response to the initial *in limine* motion. Gioeli has no reason to believe that Vincent Manzo is unavailable. Gioeli is unaware of any charges currently pending against him. Moreover, the government's disclosures in support of its motion suggests that Maragni and the FBI were and are well aware of Maragni's whereabouts. A witness is unavailable if he has died, *see* F.R.E. 804(a)(4), or if he invokes his Fifth Amendment privilege against self-incrimination, *see United States v. Jackson*, 335 F.3d 170, 177 (2d Cir. 2003). Accordingly, to the extent that Manzo is available to testify, the government's motion should be denied in its entirety.

The Honorable Brian M. Cogan
January 11, 2012
Page 4 of 6

      For example, critical portions of Manzo's statements are inaudible such that trying to determine the nature of the complete conversation is speculative and will jeopardize the integrity of the trial's fact finding.  An example is the portion of a discussion where Maragni tries to have Manzo state that Gioeli called him and that Gioeli was present when Manzo arrived:

```
3     CW:            The pinch is gonna be for murder, what do you
4                    mean?  What do you think it's gonna be?
5
6     MANZO, SR.:    [UI]
7
8     CW:            Now the whole thing is.  It's like, okay, were you
9                    told and you had to go?  Did you know when you had
10                   to go?  Did you, were you there when you [UI].
11                   It's all different things here, Vincent.
12
13    MANZO, SR.:    [UI]
14
15    CW:            You know.  I don't know.
16
17    MANZO, SR.:    [UI]
18
19    CW:            Yeah, I understand that but
20
21    MANZO, SR.:    [UI]

                           *     *     *

42    CW:            Huh, well, that's different. Big difference.  Big
43                   difference.  Now was anybody, Tommy called?  Who
44                   called?
45
46    MANZO, SR.:    [UI] Tommy [UI]
47
48    CW:            Okay so, Tommy called you.  Now do you know if
1                    Dino was standing there?  Or Joey caves was
2                    standing there when he called you?
3
4     MANZO, SR.:    [UI]
5
6     CW:            See that's big because.
7
8     MANZO, SR.:    [UI]
9
10    CW:            Whose?  Who?
11
12    MANZO, SR.:    Joey Caves, Dino and Dino, both Dino's.
13
14    CW:            Both Dino's and Joey Caves?
15
16    MANZO, SR.:    [UI]
17
```

The Honorable Brian M. Cogan
January 11, 2012
Page 5 of 6

```
18    CW:            Where was Tommy?
19
20    MANZO, SR.:    [UI] I was by myself.
21
22    CW:            Uhh.
23
24    CW:            Tommy was there when they put him in the car?
25
26    MANZO, SR.:    [UI]
27
28    CW:            He was there?
29
30    MANZO, SR.:    [UI]
31
32    CW:            So Joey Caves and Big Dino?
33
34    MANZO, SR.:    Both Dino's.
35
36    CW:            Both Dino's.
37
38    MANZO, SR.:    [UI]
39
40    CW:            But I'm saying Joey Caves and Dino could put Tommy
41                   right there.
42
43    MANZO, SR.:    Yeah. [UI]
```

*See* Government Exhibit C at 3:3-21 and 42-48, and 4:1-43.  A similar problem occurs when Manzo gives contradictory statements about when and where he saw Gioeli:

```
27
28    CW:            Was Tommy there or not there?
29
30    MANZO, SR.:    Tommy was there.
31
32    CW:            Tommy was there.  I thought Tommy was at the
33                   bowling alley.
34
35    MANZO, SR.:    [UI] we met him there.
```

                              \*     \*     \*

```
1    CW:              Let's get out of here.  The only thing that bugs
2                     me is how the fuck did Tommy get to the bowling
3                     alley [pause] if, if?
4
5    MANZO, SR.:      [UI] bowling alley. [UI] bowling alley Tommy was
6                     there.
7
8    CW:              You picked him up at the bowling alley.
9
10   MANZO, SR.:      [UI] Tommy showed me where [UI]
```

*See* Exhibit D at 3:27-35 and 6:1-10.  Finally, large portions of the proffered statements either do not involve Manzo, *see e.g.* Exhibit A at 2:1-3:5 (discussion between Maragni and Manzo's son), or touch on issues wholly irrelevant to statements against penal interest such as discussions about Special Agent Curtis's conduct.  *See id., see also* Exhibit B at 6:24-35 (discussion between Maragni and Luca Dimatteo regarding Agent Scott Curtis).

In light of the foregoing, the proffered statements are irrelevant, unreliable and contradictory and, therefore, cannot be relied upon for any probative value and should be excluded because of their outweighing prejudicial effect.  *See* F.R.E. 403.

Wherefore, for the reasons stated herein, as well as in co-Defendant Saracino's memorandum in opposition, the Court should deny the government's second motion *in limine* in its entirety.

Respectfully submitted,

Adam D. Perlmutter

Cc:   All counsel (via ECF)
      Thomas S. Gioeli (via regular mail)