# LAW OFFICES OF ADAM D. PERLMUTTER, P.C.
## ATTORNEYS AT LAW

260 MADISON AVENUE, SUITE 1800
NEW YORK, NY 10016
TEL. (212) 679-1990
FAX. (212) 679-1995

ADAM D. PERLMUTTER, ESQ.

JENNIFER LOUIS-JEUNE, ESQ.
DANIEL A. MCGUINNESS, ESQ.

OF COUNSEL
PAUL GREENFIELD, ESQ.

January 18, 2012

**VIA ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, NY 11201

    Re:    **United States v. Thomas Gioeli, *et al.***
             **Case No. 08-cr-240 (S6) (BMC) (RER)**

Dear Judge Cogan:

      I am counsel, along with Carl J. Herman, Esq., for defendant Thomas Gioeli in connection with the above matter. I am writing regarding an issue that has arisen with the government concerning handwritten 3500-material prepared by Special Agent Scott Curtis. Specifically, for the reasons stated herein, the defense requests that the Court issue an order compelling the government to have Agent Curtis review typed versions of his handwritten notes being prepared by the defense, make any necessary corrections and additions to ensure their accuracy, require the government to certify or stipulate as to the reliability of the typed versions, and to allow their use at trial in lieu of the handwritten versions.

      By way of background, by letter to the government, dated January 13, 2012, we asked the government to review typewritten versions of proffer session notes prepared by Agent Curtis of his meetings with Thomas McLaughlin. *See* Exhibit A attached. Agent Scott Curtis took handwritten notes at each proffer session with key witnesses but failed to produce any typewritten 302 reports of those meetings. His handwritten notes can only be read with enormous difficulty, which makes them virtually unusable at trial for refreshing witnesses' recollections and other evidentiary purposes. As a result, we have

The Honorable Brian M. Cogan
January 16, 2012
Page 2 of 3

started producing typed versions of Agent Curtis's handwritten notes of proffer sessions with Dino Calabro, Joseph Competiello, Thomas McLaughlin and Sebastian Saracino. To date, we have only provided the government with the typed notes for Thomas McLaughlin but plan to produce the balance of the materials shortly on a rolling basis.

We requested that the government stipulate as to the accuracy of the typewritten versions in order to expedite the mechanics of using Agent Curtis's notes at trial. The government responded by letter dated January 16, 2012 that it intends to "object to the use of any documents the defense purports to be typed versions of agent notes at trial." *See* Exhibit B attached. In its letter, the government contests that the handwritten notes are difficult to read, and argues that defense's request for a stipulation lacks legal authority.

As the Court can see from the attached example (which has been redacted for public filing), Agent Curtis's handwritten notes are barely legible. *See* Exhibit C attached. While the government may find these notes easily accessible, the defense is confident that this Court will agree that they are nearly inscrutable, and witnesses can be expected to find them equally challenging if asked during trial to confirm their contents for statements attributed to them. The government questions how the defense has managed to prepare typed copies if, "'most' of the agent notes produced to defendants thus far are 'barely legible.'" The answer is that this has required a considerable effort undertaken by a number of paralegals using digital magnification, references to other case materials, and group consultation. Despite all of these efforts there are still a number of unreadable words (demarcated in the typed copies as "[UR]"). It is simply unreasonable and unfair to expect a testifying witness to be able to decipher these documents without a typed reference. Moreover, it creates enormous prejudice by effectively foreclosing the defense from confronting critical witnesses with evidence of prior inconsistent statements from their proffer sessions. Finally, the requested stipulation from the government will save considerable court time while the witness attempts to decipher the handwritten notes.

The government claims that the defense does not "cite any legal authority that the government has any obligation to create or to collaborate with the defense in the creation of, additional 3500 materials for any purpose." But this response misrepresents the defense's request. The defense has not asked the government to create or assist in the creation of any materials. Rather, the defense has undertaken this task. Agent Curtis is, however, the only person who can accurately read all of his notes and confirm that the defense has accurately replicated them in typed format. His is also the only person who can provide explanation for the limited sections that remain unreadable despite the effort of numerous attorneys and other individuals who have been working with this material for a period of months. Indeed, he would be obliged to provide this assistance to the defense even if we were working with only the handwritten versions.

For the reasons stated above, in order to assure the efficient progress of the trial, the Court should require the government to have Agent Curtis review the typed versions

The Honorable Brian M. Cogan
January 16, 2012
Page 3 of 3

of his handwritten notes, make any necessary corrections and additions of unreadable portions to ensure their accuracy, certify or stipulate to their accuracy, and to allow their use at trial in lieu of the handwritten versions. We ask for an order to that effect.

      Please do not hesitate to contact me if you have any questions or need any additional information in connection with the foregoing.

                              Respectfully submitted,

                              Adam D. Perlmutter

Attachments (redacted public copy)

Cc:    Thomas Gioeli (via regular mail)
        All counsel (via ECF)

EXHIBIT A

# LAW OFFICES OF ADAM D. PERLMUTTER, P.C.
## ATTORNEYS AT LAW

260 MADISON AVENUE, SUITE 1800
NEW YORK, NY 10016
TEL. (212) 679-1990
FAX. (212) 679-1995

ADAM D. PERLMUTTER, ESQ.
—
JENNIFER LOUIS-JEUNE, ESQ.
DANIEL A. MCGUINNESS, ESQ.

OF COUNSEL
PAUL GREENFIELD, ESQ.

January 13, 2012

**VIA ELECTRONIC & OVERNIGHT MAIL**

Elizabeth Geddes, Esq.
James Gatta, Esq.
Christina Posa, Esq.
Assistant United States Attorneys
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Re:   **United States v. Thomas Gioeli, *et al.*,**
      **Case No. 08-cr-240 (S6) (BMC) (RER)**

Dear AUSAs Geddes, Gatta and Posa:

     We are attorneys for Thomas Gioeli in connection with the above matter. We are writing in connection with our review of the 3500 materials in the case, specifically, handwritten notes of witness interviews and contacts by Special Agent Scott Curtis.

     Our review of the 3500 material reveals that Agent Curtis took handwritten notes at each of the proffer sessions for key witnesses in this case but elected to not produce corresponding FBI 302 reports for these sessions. Instead, Agent Curtis wrote Confidential Human Source reports, which comprise synthesized information given over periods of months or years.

     Agent Curtis's handwritten notes are the recording of the actual witness interviews and contain information that the defendants will need to use at trial separate and apart from the Confidential Human Source reports. Most of Agent Curtis's notes are barely legible, however, and witnesses at trial will be unable to read them if used as exhibits for refreshing recollection and other purposes. As a result of this problem, we are in the process of producing typed

Elizabeth Geddes, Esq.
James Gatta, Esq.
Christina Posa, Esq.
Assistant United States Attorneys
January 13, 2012
Page 2 of 2

versions of the written proffer notes for the following witnesses: Dino Calabro, Joseph Competiello, Thomas McLaughlin and Sebastian Saracino.

    Starting with this letter, we are forwarding on a rolling basis copies of the typed versions of Agent Curtis's handwritten notes in order to expedite any potential disagreements regarding their being true and accurate reflections of the handwritten originals. In the interests of trial efficiency and economy, we ask that you review the documents so the parties can hopefully stipulate as to their accuracy. In the event that we are unable to come to an agreement, we will contact the Court regarding this issue.

    We enclose a compact disc with the first tranche of files of typed notes for McLaughlin as well as the corresponding handwritten versions. We anticipate producing the balance of the witnesses on a rolling basis in the very future.

    We want to thank you in advance for your consideration of this matter.

                                                    Very truly yours,

                                                  Adam D. Perlmutter

Enclosures

Cc:    Sam Braverman, Esq (via electronic mail)
        Carl J. Herman, Esq (same)
        Thomas Gioeli (via regular mail w/o encl.)

EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG/JDG/CMP
F.#2008R00530

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 16, 2012

By Electronic Mail

Adam D. Perlmutter, Esq.
260 Madison Avenue, Suite 1800
New York, New York 10016

        Re:  United States v. Thomas Gioeli, et al.
             Criminal Docket No. 08-240 (BMC)

Dear Mr. Perlmutter:

      The government writes in response to your letter dated January 13, 2012, regarding your request that the government stipulate to the accuracy of typed versions of handwritten notes taken by agents of the Federal Bureau of Investigation in connection with proffer sessions and other meetings with cooperating witnesses which have been produced to the defense pursuant to the Jencks Act. The government will not stipulate to the accuracy of such typed documents, which have been prepared by you or others working at your direction. Indeed, the government questions how such typed documents could be prepared if, as you contend in your letter, "most" of the agent notes produced to the defendants thus far are "barely legible." Moreover, you do not cite any legal authority for the notion that the government has any obligation to create, or to collaborate with the defense in the creation of, additional 3500 material for any purpose. In any event, the government will object to the use of any documents the defense purports to be typed versions of agent notes at trial.

Adam D. Perlmutter, Esq.
January 16, 2012
Page 2

      Should you have additional questions regarding the above, please contact us.

                              Sincerely,

                              LORETTA E. LYNCH
                              United States Attorney

                    By:   /s/James D. Gatta
                              Elizabeth A. Geddes
                              James D. Gatta
                              Cristina M. Posa
                              Assistant U.S. Attorneys

cc:   Carl J. Herman, Esq. (by electronic mail)
      Samuel M. Braverman, Esq. (by electronic mail)
      Louis V. Fasulo, Esq. (by electronic mail)

EXHIBIT C

REDACTED

REDACTED