

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EAG/JDG/CMP
F.#2008R00530

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 24, 2012

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  United States v. Thomas Gioeli, et al.
              Criminal Docket No. 08-240 (S-6) (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter in opposition to the defendant Thomas Gioeli's motion dated January 18, 2012, styled as a "Motion to Compel Review & Certification of Typed Versions of Agent Curtis Handwritten Notes" (ECF Docket No. 1332 and 1333) (the "Motion" or "Mot."). In the Motion, Gioeli seeks an order (1) compelling the government to assist the defense in finalizing the defense's typewritten versions of the handwritten notes of witness interviews provided by the government pursuant to 18 U.S.C. § 3500, to facilitate the defendant's cross-examination of witnesses at trial, (2) compelling the government to then stipulate to the accuracy of these typewritten documents, and (3) allowing the defendant to use these typewritten documents "at trial in lieu of the handwritten versions." The Motion, which fails to cite any legal authority or precedent, is utterly without merit and should be denied.

I.    Background

      Pursuant to its obligations under 18 U.S.C. § 3500, the government produced the handwritten notes of the investigating agents of the Federal Bureau of Investigation ("FBI"),[1] along

---

    [1]    Although the Motion identifies only FBI Special Agent Scott Curtis as the author of the handwritten notes, such notes

The Honorable Brian M. Cogan
January 24, 2012
Page 2

with the FBI's typewritten reports, which document statements made by cooperating witnesses to the FBI. The majority of the information contained in the handwritten notes is included in the typewritten FBI reports. It is important to note that neither the handwritten notes nor the related FBI typewritten reports purport to be transcriptions of the witness interviews. Nor have the witnesses reviewed and/or adopted any of the agents' notes or reports as the witnesses' statements.

II. Argument

The notion of a motion to compel a stipulation is a contradiction in terms and legally unsupportable. Neither party may be compelled to "certify or stipulate" (Mot. 1, 3) to any evidence, let alone non-evidentiary material such as the hearsay statements at issue here. This issue has been extensively litigated in the context of defendants seeking to compel stipulations by the government to prevent the admission of prejudicial evidence, and courts have repeatedly denied such motions. See, e.g., United States v. Salameh, 152 F.3d 88, 122 (2d Cir. 1998) ("a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the government chooses to present it" (quoting Old Chief v. United States, 519 U.S. 172, 187-88 (1997))); United States v. Velazquez, 246 F.3d 204, 211 (2d Cir. 2001) ("the Government generally has a right to present evidence of a fact that a defendant would prefer to admit" (quoting Old Chief, 519 U.S. at 187-88)); and United States v. Gantzer, 810 F.2d 349, 351 (2d Cir. 1987) (a "party is not obliged to accept an adversary's 'judicial admission' in lieu of proving the fact").

Relying upon the well-accepted logic of Old Chief, if the government cannot be compelled to stipulate to facts and evidence that the government itself intends to introduce in its own case-in-chief, the government surely cannot be compelled to "certify or stipulate" to non-evidentiary materials prepared by the defense for purposes of impeachment and refreshing recollection, much less to undertake the enormously burdensome and time-consuming task of having multiple FBI agents "review the typed versions of [their] handwritten notes being prepared by the

---

were, in fact, written by a number of different agents, as is apparent from different handwriting of the notes (including the two samples attached to the Motion) and the related, signed FBI reports.

The Honorable Brian M. Cogan
January 24, 2012
Page 3

defense [and] make any necessary corrections and additions to ensure their accuracy." (Mot. 1.)[2]

      The defendant's argument that denial of such a motion would "create[] enormous prejudice by effectively foreclosing the defense from confronting critical witnesses with evidence of prior inconsistent statements from their proffer sessions" (Mot. 2) is wholly without merit. As an initial matter, the typewritten FBI reports are available for use in cross-examining these witnesses. In any event, witnesses are cross-examined using statements from handwritten notes every day in this and other districts and the government has identified no cases where such a motion has been made, much less litigated. Simply put, there is nothing extraordinary about having to contend with handwritten materials in a trial and the law imposes no obligation on the government to assist the defense in clarifying such materials (which, in any event, are clarified in the typewritten FBI reports).

      Finally, nothing bars defense counsel from referring to their own typewritten reports of the notes in the course of cross-examination. The witnesses' responses to the defense's characterization of their prior statements, of course, go to the heart of the fact-finding mission of the jury, and cannot be supplanted by the unprecedented process proposed by the defendant.

---

[2] The government respectfully notes that on December 11, 2011, the government sent the defendants a letter proposing over 20 evidentiary stipulations, which would eliminate the need for testimony from well over 20 witnesses. On January 19, 2012, the defendants informed the government that they do not intend to enter into any of the proposed stipulations, as is their right, and it is beyond dispute that the defendants could not be compelled to do so.

```
The Honorable Brian M. Cogan
January 24, 2012
Page 4
```

        For these reasons, the government respectfully submits that the Motion should be denied in its entirety.

                                Respectfully submitted,

                                LORETTA E. LYNCH
                                UNITED STATES ATTORNEY

                       By:   /s/ Cristina M. Posa
                              Elizabeth A. Geddes
                              James D. Gatta
                              Cristina M. Posa
                              Assistant U.S. Attorneys

cc:   All counsel (by ECF)
      Clerk of the Court (BMC) (by ECF)