

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG/JDG/CMP                        *271 Cadman Plaza East*
F.#2008R00530                      *Brooklyn, New York  11201*

February 3, 2012

By ECF and Hand Delivery

The Honorable Brian M. Cogan
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11202

       Re:  United States v. Thomas Gioeli, et al.
           Criminal Docket No. 08-240 (BMC)

Dear Judge Cogan:

      The government respectfully submits this motion to quash the defendant Dino Saracino's subpoena in the above-captioned case. Specifically, the defendant seeks to subpoena a witness from the Laborers International Union of North America ("LIUNA") to testify at trial and to provide "any and all documents regarding civil suit settlement/agreement" between LIUNA Local 79 and Sebastiano Saracino.  A copy of the subpoena is attached as Exhibit A.  As set forth herein, the requested documents constitute, at best, impeachment evidence, despite Supreme Court case law and the explicit provision of Federal Rule of Criminal Procedure 17(h) to the contrary.  The subpoena should therefore be quashed because neither Rule 17 of the Federal Rules of Criminal Procedure ("Rule 17") or the applicable case law permits the subpoena of impeachment evidence.

I.    The Subpoena Should Be Quashed

    A.    Applicable Law

      The use of subpoenas pursuant to Rule 17 in criminal cases is governed by the Supreme Court's decision in United States v. Nixon, 418 U.S. 683 (1974).  The Nixon Court principally recognized that the Rule 17 subpoena "was not intended to provide a means of discovery for criminal cases." Nixon, 418 U.S. at 698.  It therefore held that, in order to

require production of materials prior to trial, the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

Id. at 699-700 (citing Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951)). The Court specified that, "[a]gainst this background," the subpoena proponent must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Id. at 700 (emphasis added).

Applying those principles, including the requirement of establishing admissibility, the Nixon Court held that Rule 17 subpoenas could generally not be used to obtain impeachment materials. See id. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial.").

Additionally, the Federal Rules of Criminal Procedure explicitly preclude the use of subpoenas to seek prior statements by prospective witnesses. In particular, Rule 17(h) provides that "[n]o party may subpoena a statement of a witness or of a prospective witness under this rule. Rule 26.2 [of the Federal Rules of Criminal Procedure ("Rule 26.2")] governs the production of the statement." See Fed. R. Crim. P. 17(h). Rule 26.2, in turn, provides that prior statements of witnesses are discoverable only after the witness has testified on direct examination. See Fed. R. Crim. P. 26.2(a); 18 U.S.C. § 3500(a).

Applying Nixon and Rule 17(h), courts in this Circuit have routinely quashed pretrial defense subpoenas seeking prior statements by prospective government witnesses. See, e.g., United States v. Hatfield, 2009 U.S. Dist. LEXIS 60184, *2-*4 (E.D.N.Y. July 14, 2009) (quashing subpoena for witness statements because it failed to meet the Nixon requirements and violated Rule 17(h) and Section 3500); United States v. Vazquez, 258 F.R.D. 68, 72-73 (E.D.N.Y. 2009) (subpoena did not meet Nixon requirements and violated Rule 17(h)); United States v. Khan, 2009 U.S. Dist. LEXIS 8692, *8-*9 (E.D.N.Y. Jan. 20, 2009)

(quashing subpoenas for prior statements of potential government witnesses because they violated Rule 17 and Section 3500); United States v. Barnett, 2006 U.S. Dist. LEXIS 54170, *1-*2 (S.D.N.Y. Aug. 3, 2006) (subpoena for recorded MDC calls of potential government witness quashed because it failed to meet Nixon requirements); United States v. DiPietro, 2005 U.S. Dist. LEXIS 10351, *2-*3 (S.D.N.Y. May 25, 2005) (subpoena for recorded MDC calls by government witness quashed because "far beyond the bounds of permissible discovery in a criminal case"); United States v. Hutchinson, 1998 U.S. Dist. LEXIS 21426, *1-*6 (E.D.N.Y. Dec. 23, 1998) (subpoena for recorded MDC calls of a potential witness did not meet Nixon requirements because of lack of specificity).

   B.   Discussion

   The defendant's subpoena for "any and all documents regarding civil suit settlement/agreement" between LIUNA Local 79 and Sebastiano Saracino should be quashed because it plainly fails to meet the Nixon requirements for a Rule 17 subpoena, and violates Rule 17(h) and 18 U.S.C. § 3500.

   First, the subpoena is subject to quashing under the Nixon requirements because it does not seek "evidentiary" materials, or "admissible" evidence. Absent any basis to conclude that the requested documents would be admissible at trial, the subpoena should be quashed. Nixon, 418 U.S. at 699-701.

   Moreover, even putting aside the subpoena's failure to comply with the Nixon requirements, the subpoena violates Rule 17(h), which prohibits the use of a subpoena to obtain prior statements by a prospective witness. For the same reasons, the subpoena violates Rule 26.2(a) and 18 U.S.C. § 3500(a), which govern the timing and substance of the production of prior witness statements. The government will disclose the settlement agreement referenced in the subpoena as supplemental 3500 material for the witness Sebastiano Saracino, further obviating any purported need for these materials for potential impeachment purposes.

II. Conclusion

      For the foregoing reasons, the government respectfully submits that the subpoena should be quashed.

                                    Respectfully submitted,

                                    LORETTA E. LYNCH
                                    United States Attorney

                          By:       /s/
                                    Elizabeth A. Geddes
                                    James D. Gatta
                                    Cristina M. Posa
                                    Assistant U.S. Attorneys

cc:   All counsel (by ECF)
      Clerk of the Court (BMC) (by ECF)