# LAW OFFICES OF ADAM D. PERLMUTTER, P.C.
### ATTORNEYS AT LAW

**260 MADISON AVENUE, SUITE 1800**
**NEW YORK, NY 10016**
**TEL. (212) 679-1990**
**FAX. (212) 679-19D95**

ADAM D. PERLMUTTER, ESQ.
—
JENNIFER LOUIS-JEUNE, ESQ.
DANIEL A. MCGUINNESS, ESQ.

OF COUNSEL
PAUL GREENFIELD, ESQ.

February 6, 2012

**VIA ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, NY 11201

**Re:** **United States v. Thomas Gioeli,** *et al.*
**Case No. 08-cr-240 (S6) (BMC) (RER)**

Dear Judge Cogan:

  I am counsel, along with Carl J. Herman, Esq., for defendant Thomas Gioeli in connection with the above matter. I am writing to move this Court *in limine* to preclude or limit the use of inflammatory alleged nicknames being attributed by the government to defendant during trial. Specifically, the defense requests that this Court issue an Order striking from the indictment the phrases "also known as Tommy Guns," and "also known as Tommy Shots," and precluding or limiting the use of these alleged nicknames at trial. For the reasons stated *infra*, the use of these nicknames at trial, and their inclusion in the indictment is unfairly prejudicial to the defendant.

  The Second Circuit has found the overuse of an inflammatory nickname to be reversible error. *See*, *United States v. Farmer,* 583 F.3d 131 (2d Cir. 2009). In *Farmer* the appellant had been convicted of murder, attempted murder, conspiracy to assault with a deadly weapon, and other related firearm offenses. *Id.* Appellant contended that the government's use of his nickname "Murder" during trial was unfairly prejudicial and violated his rights of due process. *Id.* The Court vacated the convictions of the attempted murder and firearm offenses based upon, "the government's misuse of Farmer's

The Honorable Brian M. Cogan
February 6, 2012
Page 2 of 3

nickname, the district court's failure to forestall or mitigate the prejudice, and the arguable strength of Farmer's defenses to the charged offense." *Id.* at 148.

The Court in *Farmer* recognized, "[w]hen a defendant charged with a crime of violence is identified before a jury by a nickname that bespeaks guilt, violence or depravity, the potential for prejudice is obvious." 583 F.3d at 135. In order to evaluate whether such a nickname should be allowed, the Court announced a two-part test. First, "a trial court should consider seriously whether the probative value is substantially outweighed by any danger of unfair prejudice." *Id.* Second, it should consider, "whether introduction of the nickname is truly needed to identify the defendant, connect him with the crime, or prove some other matter of significance." *Id.*

In the instant case, the defendant is charged with participation in six homicides committed with firearms, two armed robberies, and an unspecified number of murder conspiracies related to a shooting war. The government monikers "Guns" and "Shots" speak directly to the charged crimes. Identifying defendant as "Tommy Guns" or "Tommy Shots" in the indictment will stamp an instant, indelible impression of guilt upon the defendant in the minds of the jurors before the prosecution offers its first bit of evidence. It is not fair to expect a reasonable juror to abstain from making a prejudicial connection between an individual named "Guns" or "Shots" and the numerous gun crimes listed in the same document.

The defendant's alleged nicknames will also add little, if any, probative value at trial. The *Farmer* Court explained that the nickname in that case had minimal evidentiary value because "identity was not an issue at trial, and Farmer's nickname, as a name, had no legitimate relationship to the crimes charged." 583 F.3d at 146. Similarly, identity is not expected to be an issue at trial in the present case.

Gioeli's alleged nicknames are also not relevant as proof of the crimes charged. In *Farmer*, the Court explained that the nickname "Murder" may have been relevant if he adopted it after the alleged killing "to memorialize the crime," but the evidence demonstrated that he had been called "Murder" years before the act. *Id.* at 146 n. 6. The court concluded, "the nickname had no connection 'to the proof of the acts alleged.'" *Id.* (quoting, *United States v. Mitchell*, 328 F.3d 77, 84 (2d Cir. 2003)). The defendant's alleged nicknames in this case also have no connection to the charged acts.

For the reasons stated above, the nicknames "Tommy Guns" and "Tommy Shots" should be disallowed at trial because their prejudicial value is outweighed by any possible probative value, and their use is not "truly needed" for any legitimate purpose. The defense requests that the phrases "also known as Tommy Shots" and "also knows as Tommy Guns" be removed from the indictment, and the government should be precluded from eliciting or using those names at trial. In the alternative, if the Court decides to allow the government to use these nicknames, the defense requests that the Court issue a rule limiting their usage, thereby mitigating the prejudice against the defendant. We ask for an order to that effect.

The Honorable Brian M. Cogan
February 6, 2012
Page 3 of 3

      Please do not hesitate to contact me if you have any questions or need any additional information in connection with the foregoing.

                                              Respectfully submitted,

                                              Adam D. Perlmutter

Attachment

Cc:    Thomas Gioeli (via regular mail)
        All counsel (via ECF)