

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EAG/JDG/CMP
F.#2008R00530

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

February 7, 2012

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11202

       Re:  United States v. Thomas Gioeli, et al.
            Criminal Docket No. 08-240 (BMC)

Dear Judge Cogan:

       The government respectfully submits this letter in opposition in the defendant Thomas Gioeli's motion in limine to strike the aliases "Tommy Guns" and "Tommy Shots" from the indictment and to "preclude of limit" the use of those aliases in referring to the defendant during trial.  (See Ltr. from Adam D. Perlmutter, Esq. to the Court, dated Feb. 6, 2012 (Docket Entry No. 1350)).  For the reasons that follow, Gioeli's motion should be denied.

### BACKGROUND

       Gioeli, as the government anticipates cooperating witnesses will testify at trial, earned his nickname "Tommy Shots" after he was shot in the hand during the Colombo family war, the internecine power struggle between a faction of the Colombo family loyal to Official Boss Carmine "the Snake" Persico and a faction loyal to Acting Boss Victor Orena that was at its height during the early 1990s.  In March 1992, Orena loyalists shot at Gioeli, who was a member of the Persico faction.  As predicate racketeering acts, Gioeli is charged with participating in the Colombo family war in several respects: (1) conspiring to murder members of the Orena faction (Racketeering Act ("RA") Three); (2) the conspiracy to murder, and the murder of, John Minerva (RA Five); and (3) the murder of Michael Imbergamo (RA Six).

```
The Honorable Brian M. Cogan
February 7, 2012
Page 2
```

The government further intends to prove at trial that members of the Colombo family and other organized crime families of La Cosa Nostra knew Gioeli as "Tommy Shots." For example, the government intends to introduce at trial an address book, provided to the government by a high-ranking member of the Bonanno organized crime family ("Bonanno family") who cooperated with the government in 2003, that contains entries for "Tommy Shots" and "Tommy Shot." The government anticipates that this cooperating witness will testify that these entries are references to Gioeli, whom the cooperating witness knows only as "Tommy Shots." Indeed, when this witness testified about the murder of William Cutolo in <u>United States v. Persico and DeRoss</u>, Criminal Docket No. 04-911 (EDNY) (JS) (testimony dated November 29, 2007), the witness referred to Gioeli only as "Tommy Shots."

In addition, the government intends to introduce an excerpt of a recorded conversation in which Anthony Urso, who was also a high-ranking Bonanno family member, informed another cooperating witness and former Bonnano family member that Urso had met with "Tommy Shots" the previous day. Urso then explained that "Tommy Shots" had provided a list of individuals proposed to be inducted into the Colombo family, including Gioeli's co-defendant Dino Saracino and two cooperating witnesses who will also testify against Gioeli and Saracino at trial, and that "Tommy Shots" had told Urso that "their captains" [meaning captains in the Colombo family] were the Colombo family's "administration."

DISCUSSION

A.  <u>Applicable Law</u>

Under Federal Rule of Criminal Procedure 7(d), the Court may strike "surplusage" from an indictment upon defendant's motion. Fed. R. Crim. P. 7(d). The Second Circuit has held, however, that district courts should not grant motions to strike surplusage unless "the challenged allegations are not relevant to the crime charged <u>and</u> are inflammatory and prejudicial." <u>United States v. Mulder</u>, 273 F.3d 91, 99 (2d Cir. 2001) (quoting <u>United States v. Scarpa</u>, 913 F.2d 933, 1013 (2d Cir. 1990)) (emphasis added). "Given this exacting standard, such motions [to strike] are rarely granted." <u>United States v. Rivera</u>, No. 09 CR 619 (SJF), 2010 WL 1438787, at *5 (E.D.N.Y. Apr. 7, 2010) (quoting <u>United States v. Coffey</u>, 361 F. Supp. 2d 102, 123 (E.D.N.Y. 2005)).

The Honorable Brian M. Cogan
February 7, 2012
Page 3

In United States v. Peterson, 168 F. Supp. 2d 51 (E.D.N.Y. 2001), a court in this district denied a defendant's motion to strike his alias from the indictment because the alias was relevant in light of the government's representation that the alias would comprise part of its proof at trial. Id. at 56. Similarly, in United States v. Rucker, 32 F. Supp. 2d 545 (E.D.N.Y. 1999), another a court in this district held that "[r]eference to a defendant by his name and alias is permissible if the government intends to offer evidence of that alias as being necessary to identify the defendant in connection with the crimes charged." Id. at 560. See also United States v. Burton, 525 F.2d 17, 19 (2d Cir. 1975) (affirming use of the defendant's nickname, which was heard on recorded telephone conversations, "[i]n view of the fact that testimony as to the defendant's nickname was relevant to the government's case and therefore properly before the jury); United States v. Hattaway, 740 F.2d 1419, 1425 (7th Cir. 1984) (holding that witness's use of gang nicknames was permissible, where gang members used nicknames in witness's presence and "forbidding [the witness] from using the[ ] names would have placed an undue burden on her testimony"); United States v. Clark, 541 F.2d 1016, 1018 (4th Cir. 1976) ("If the Government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment, the inclusion of the alias is both relevant and permissible, and a pretrial motion to strike should not be granted."); United States v. Barret, --- F. Supp. 2d ----, No. 10 CR 809 (KAM), 2011 WL 5579079 at *23 (E.D.N.Y. Nov. 16, 2011) (denying defendant's motion to strike aliases without prejudice, with right to renew at the close of the government's case, in light of the government's representation that the defendant's aliases were necessary to identify the defendant).

Where a defendant's alias is relevant to the charged crimes, its inclusion in an indictment and its use at trial are proper even if the aliases are inflammatory or prejudicial. See Rucker, 32 F. Supp. 2d at 560 (noting that the prejudicial nature of an alias is "not fatal if [the alias] will be admissible as part of the government's proof at trial"); United States v. Payden, 613 F. Supp. 800, 823 (S.D.N.Y. 1985) (mere fact "that the inclusion of the aliases may be prejudicial is not sufficient to strike them from the indictment"); United States v. Persico, 621 F. Supp. 842, 861 (S.D.N.Y. 1985) ("Even if prejudicial, however, aliases and nicknames are proper in an indictment where they will be part of the government's proof at trial.").

The Honorable Brian M. Cogan
February 7, 2012
Page 4

B.  Application

Because the "Tommy Shots" alias will be part of the government's proof at trial, its inclusion in the indictment and its use at trial are proper.[1]  Specifically, the inclusion of the alias in the indictment and its use at trial will help to identify the defendant and, in so doing, connect him to the crimes charged.  See United States v. Farmer, 583 F.3d 131, 144 (2d Cir. 2009) (observing that inclusion of an alias has been deemed proper "where the suggestiveness of the nickname has not required exclusion, especially when it helped to identify the defendant, connect him to the crime, or prove other relevant matter, or when coherent presentation of the evidence entailed passing reference to it.").  Furthermore, if the defendant's motion were granted, the above-described address book and recording would have to be altered to eliminate the references to "Tommy Shots," thus significantly compromising the integrity and probative value of this evidence.

Morever, the probative value of the defendant's alias is not substantially outweighed by the risk of prejudice such that the references should be excluded under Federal Rule of Evidence 403.  The government will limit its references to "Tommy Shots" to those necessary to explain to the jury the relevance of the anticipated testimony and evidence described above.

---

[1]  Although the defendant moves to strike and/or preclude the usage of the moniker "Tommy Guns," such an alias is not present in the indictment.  Moreover, the government does not anticipate any cooperating witness referring to Gioeli as "Tommy Guns."

The Honorable Brian M. Cogan
February 7, 2012
Page 5

CONCLUSION

   For the foregoing reasons, the government respectfully submits that Gioeli's motion <u>in</u> <u>limine</u> dated February 6, 2012 should be denied.

              Respectfully submitted,

              LORETTA E. LYNCH
              United States Attorney

          By:   /s/
              Elizabeth A. Geddes
              James D. Gatta
              Cristina M. Posa
              Assistant U.S. Attorneys

cc: All Counsel (by ECF)
   Clerk of the Court (BMC) (by ECF)