UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
UNITED STATES OF AMERICA,                     :
:  **ORDER**
Plaintiff,       :
:  08 Cr. 240 (BMC)
- against -                          :
:
THOMAS GIOELI and DINO SARACINO,              :
:
Defendants.         :
:
------------------------------------------------------------- X

**COGAN**, District Judge.

Before me is (1) the Government's [1385] motion to preclude certain avenues of cross-examination; (2) the Government's [1387] motion to limit extrajudicial statements during trial; and (3) the Government's [1388] ex parte letter detailing the questions and answers from Dino Calabro's polygraph examinations, which the Government has provided to the Court for in camera review. The Government also requests that each of its submissions, as well as any opposition from defendants, be filed under seal. My rulings are as follows:

1. The Government's motion to preclude certain avenues of cross-examination is GRANTED. Rumors and a general reference to late-night visits are insufficient to establish a good faith basis for the line of questioning the Government seeks to preclude. See United States v. Katsougrakis, 715 F.2d 769, 779 (2d Cir. 1983); United States v. Boyd, 833 F. Supp. 1277, 1354-55 (N.D. Ill. 1993). Additionally, the motion is granted on Rule 403 grounds, as the subject matter at issue is highly inflammatory and has little if any probative value with regard to the witness's character for truthfulness. See United States v. Ndiaye, 434 F.3d 1270, 1289-90 (11th Cir. 2006); see also United States v. Devery, 935 F. Supp. 393, 408 (S.D.N.Y. 1996); 3A

John Henry Wigmore, Wigmore on Evidence § 982 (Chadbourn rev. 1970). Nevertheless, the defendants may cross-examine Government witnesses with regard to whether Andrea Calabro has received favorable treatment from the Government, and whether such treatment has incentivized Dino Calabro to give false testimony.

2.  The Government's motion to limit extrajudicial statements is DENIED. The Government has not established that there is a substantial likelihood that comments from defendants or their counsel will materially prejudice the trial. See Gentile v. State Bar of Nevada, 501 U.S. 1030, 1074-75, 96 S. Ct. 2720 (1991); United States v. Salameh, 992 F.2d 445, 447 (2d Cir. 1993). There is a tremendous amount of information on the internet in addition to Gioeli's blog, and I am confident that the jury will follow my instructions and refrain from researching the case. Should future events demonstrate that a restriction on speech is necessary, the parties are free to make an application at that time.

3.  The Government shall turn over the following questions and answers from Dino Calabro's polygraph examination pursuant to 18 U.S.C. § 3500 and/or Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763 (1972): from the September 16, 2010 polygraph, questions 2.A and 2.B; and from the October 6, 2010 polygraph, question I.B.2 and II.B.1.[1] The Government may redact the name of the prison facility referenced in certain of the questions noted above and shall insert a general reference to a "prison facility."

4.  The Government's motions to file under seal the submissions regarding each of the issues addressed in this Order are GRANTED. First, the briefing related to the Government's [1385] motion is properly filed under seal in order to protect a third party from the dissemination of inflammatory and uncorroborated allegations. See United States v. Amodeo, 71

---

[1] These citations refer to the Government's ex parte submission dated March 6, 2012.

F.3d 1044, 1050-51 (2d Cir. 1995); United States v. Martin-Trigona, 767 F.2d 35, 39 (2d Cir. 1985).

Second, the Government has proposed the public filing of a redacted version of their [1387] motion, which excludes discussion of the same inflammatory subject matter. The redactions and the sealing of the Government's unredacted motion are therefore also appropriate. However, Gioeli's opposition does not appear to discuss any confidential matters. Accordingly, the parties shall confer and advise the Court forthwith whether there are any grounds for sealing this opposition.

Finally, the Government's submission regarding Dino Calabro's polygraph examinations were properly submitted ex parte so the Court could conduct an in camera review of those materials. See United States v. Scotti, 47 F.3d 1237, 1250-51 (2d Cir. 1995); United States v. Sainato, 29 F. Supp. 2d 116, 117-18 (E.D.N.Y. 1998).

**SO ORDERED.**

/s/(BMC)

_____
U.S.D.J.

Dated: Brooklyn, New York
       March 14, 2012