

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EAG/JDG/CMP
F.#2008R00530

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 17, 2012

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Thomas Gioeli, et al.
          Criminal Docket No. 08-240 (S-6) (BMC)

Dear Judge Cogan:

    The government respectfully submits this letter in connection with the defendants' inquiry regarding Joseph Competiello's guilty plea. As the government indicated at the conference on March 20, 2012, the transcript of the guilty plea cannot be located by the court reporter's office.[1] At the March 20, 2012 conference, the Court suggested that the government and Competiello's attorney submit a summary of Competiello's allocution to the Court for certification. The government

---

[1] In early 2011, the government submitted a request to order a copy of the transcript of Competiello's guilty plea allocution. Because Competiello pleaded guilty in a sealed proceeding, the government could not access the docket entry for the proceeding and therefore consulted the Court's deputy at the time. The deputy advised that there was no entry of the reporter who took the guilty plea on the Court's docket, but provided the government with the court reporter that assisted the Court with a trial on the same day as the guilty plea. That court reporter advised that she had checked her notes and did not have any notes for a guilty plea. The Chief Court Reporter later advised the government that he had polled all of the current reporters and the other reporters who were working in 2008 to determine whether any had taken Competiello's guilty plea. No reporter was able to locate the transcript.

respectfully submits that such a submission, beyond what is set forth below, is not warranted under these unique circumstances.

## BACKGROUND

Competiello pleaded guilty, pursuant to a cooperation agreement, see 3500-JC-2, before the Court on December 15, 2008. At the guilty plea proceeding, Competiello admitted to participating in each of the acts set forth in the superseding information, as set forth in the material disclosed pursuant to 18 U.S.C. § 3500. See 3500-JC-1. For example, the government recalls that, with respect to the murders of Joseph Miccio and Carmine Gargano, Competiello identified himself as the shooter. The government further recalls that Competiello admitted cleaning up the remains in certain murders. The government does not recall that Competiello identified any of his co-conspirators during his allocution.

## DISCUSSION

The unique circumstances where courts have held reconstruction hearings to create a record of a proceeding where a transcript has been lost or destroyed are not present here. These hearings have been limited to occasions where a defendant seeks to challenge the validity of his conviction or sentence, and can show prejudice as a result of the missing transcript. See, e.g., United States v. Braithwaite, 242 Fed. Appx. 765, 768 (2d Cir. 2007). Nor do the government's obligations under 18 U.S.C. § 3500 require the government to further recreate Competiello's guilty plea proceeding more than three years later. Section 3500 provides only that the government disclose "a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement." Here no such statement exists and nothing in Section 3500 imposes an obligation on the government to create 3500 material.[2]

Nor is creation of a certified summary or a reconstruction hearing required to meet the government's Giglio or Brady obligations. The government has advised counsel that Competiello allocuted to each of the acts set forth in the superseding information. In addition, the Section 3500 material

---

[2] By definition, section 3500 is not applicable because it applies to statements that are "contemporaneously" recorded – not statements recorded more than three years after the fact.

and the government's various letters pursuant to its obligations under Giglio and Brady detail Competiello's admissions regarding these crimes. Because the government has no information to suggest that the defendant's allocution varied in any way from those admissions, further disclosure is not merited.

                                      Respectfully submitted,

                                      LORETTA E. LYNCH
                                      United States Attorney

                          By:   /s/ Elizabeth Geddes
                                    Elizabeth A. Geddes
                                    James D. Gatta
                                    Cristina M. Posa
                                    Assistant U.S. Attorneys

cc:   Adam D. Perlmutter, Esq. (via ECF)
     Carl Hermann, Esq. (via ECF)
     Sam Braverman, Esq. (via ECF)