# LAW OFFICES OF ADAM D. PERLMUTTER, P.C.
### ATTORNEYS AT LAW

**260 MADISON AVENUE, SUITE 1800**
**NEW YORK, NY 10016**
**TEL. (212) 679-1990**
**FAX. (212) 679-1995**

ADAM D. PERLMUTTER, ESQ.
–
JENNIFER LOUIS-JEUNE, ESQ.
DANIEL A. MCGUINNESS, ESQ.

OF COUNSEL
PAUL GREENFIELD, ESQ.

March 18, 2012

**<u>VIA ECF</u>**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, NY 11201

Re:   **United States v. Thomas Gioeli, *et al.***
       **<u>Case No. 08-cr-240 (S6) (BMC) (RER)</u>**

Dear Judge Cogan:

I am counsel, along with Carl J. Herman, Esq., for defendant Thomas Gioeli in connection with the above matter.  I am regarding this Court's Memorandum Decision and Order dated February 29, 2012 (hereinafter the "Order"), which ruled on the admissibility of conversations recorded by Reynold Maragni.  Mr. Gioeli requests that this Court reexamine a portion of the November 18, 2011 recording that it deemed admissible.

The Order stated that various portions of conversations recorded by Maragni, a cooperating witness, of Vincent Manzo, Sr. were admissible as statements against penal interest or statements by a coconspirator in furtherance of the conspiracy.  Among the statements determined to against the speaker's penal interest was a portion of the November 18, 2011 conversation.  The Court ruled, "[w]ith regard to the November 18, 2011 recording, Mazno's statements from 3:27 to 6:3 are admissible as statements against penal interest." *See* Order at 16.

Within the portion of the recording noted by the Court is a monologue by Maragni that Gioeli respectfully requests that the Court reexamine for admissibility.  Specifically, at 5:28-44 Maragni speaks about the pending investigation, and refers to statements made by Special Agent Scott Curtis.  Specifically, Maragni states as follows:

The Honorable Brian M. Cogan
United States District Court
March 18, 2012
Page 2 of 2

> Why would they tip you?  This fucking guy here [Curtis], let me tell you
> something.  When he comes, it's because he has something.  He don't
> come if he got nothing.  When he came to me, when he came to the house
> on Staten Island.  You know you could do yourself a lot of good if you
> help us out.  Come on, come on.  I'm telling you, something's coming.  I
> guess he wasn't fuckin' lying.  And not only me, he told about five other
> guys the same thing.  He went to them, listen, if you help me out.  Then
> we're all pinched.  So he don't come unless there's something.  I'm telling
> you.  Now, you know, if Dino was telling them that, you know, that you
> were there and the other guy's corroborating that you were there [UI].

These statements by Curtis are not necessary for context, as Manzo's proceeding
statement is not responsive to what Maragni has told him.  Nor do these statements put
Manzo's final statement out of context.  These statements are, however, prejudicial
against Mr. Gioeli, because Maragni inappropriately bolsters the credibility other
cooperating witnesses and the FBI investigation.  Maragni is essentially speculating about
the strength of the government's case and the investigation, and that actions taken by
Special Agent Curtis are always well founded.  This type of speculation from Maragni
would be wholly inappropriate as trial testimony, and, it should not be allowed in as a
hearsay recording.

For the reasons stated above, Gioeli requests that this Court revisit the Order and
deem inadmissible 5:28-44 of the November 18, 2011 recording.

Respectfully submitted,

Adam D. Perlmutter

Cc:    Thomas Gioeli (via regular mail)
       All counsel (via ECF)