

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:EAG/JDG/CMP

*271 Cadman Plaza East*

*Brooklyn, New York 11201*

March 19, 2012

**By ECF & Hand Delivery**

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  United States v. Thomas Gioeli, et al.
     Criminal Docket No. 08-240 (BMC)

Dear Judge Cogan:

   The government respectfully submits this motion <u>in limine</u> to preclude the introduction of evidence regarding the sentences received by Salvatore Vitale, who is expected to testify tomorrow, and other previously-sentenced government cooperating witnesses. In addition, should such evidence be put before the jury, the government respectfully requests an appropriate curative instruction.

   During opening statements this morning, counsel for Thomas Gioeli argued to the jury that Vitale had received an inappropriate benefit from the government, in that Vitale was, as far as counsel believed, no longer incarcerated after committing eleven murders. Counsel's assertion that the <u>government</u> provided that "benefit" to Vitale is, however, erroneous and a misstatement of the applicable law.[1]

   For the reasons set forth below, the introduction of evidence regarding the sentence that Vitale and any other sentenced cooperating witnesses received is inappropriate as such sentences are judicial determinations, not benefits conferred by the government. In addition, because the circumstances underlying the sentence of each cooperating witness are unique, introduction of such evidence presents a substantial risk of

   [1]  The defendant's arguments regarding Vitale's sentence are clearly designed to put the government's conduct into evidence and to inflame the passions of the jury. Both purposes are improper.

unfair prejudice, confusion of the issues and undue wasting of
time, and should be precluded pursuant to Federal Rule of
Evidence 403.

<u>Argument</u>

As the Court is well aware, the decision as to what
sentence a cooperating witness receives is a judicial
determination, based on the totality of the circumstances of an
individual defendant's case.  That determination requires a
careful balancing of the applicable law and facts germane to each
witness's personal history and provision of substantial
assistance.  <u>See</u> 18 U.S.C. § 3553(a) & (e).  Because such
sentences are judicial determinations made by courts, not juries,
it is misleading for counsel to argue in one trial that a certain
cooperating witness's sentence – under totally different
individual circumstances - has relevance to another cooperating
witness's circumstance.

Federal Rule of Evidence 403 provides that otherwise
relevant "evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by
considerations of undue delay, waste of time, or needless
presentation of cumulative evidence."  "The prejudice that Rule
403 is concerned with involves 'some adverse effect . . . beyond
tending to prove the fact or issue that justified its admission
into evidence.'"  <u>United States v. Gelzer</u>, 50 F.3d 1133, 1139 (2d
Cir. 1995) (quoting <u>United States v. Figueroa</u>, 618 F.2d 934, 943
(2d Cir. 1980)); <u>see generally</u> 2 Weinstein's Federal Evidence
§ 403.04[1][b] at 403-37 (Joseph M. McLaughlin, ed., 2d ed. 2003)
("Unfairness may be found in any form of evidence that may cause
a jury to base its decision on something other than the
established propositions in the case.").

As the Honorable Nicolas G. Garaufis held in the recent
trial of Vincent Basciano, introduction of evidence regarding the
specific sentences cooperating witnesses had received, including
through cross-examination of other cooperating witnesses, is
prejudicial and likely to create confusion.  In so ruling, Judge
Garaufis observed:

The defendant has moved for the Court to permit cross-
examination of cooperating witnesses about the
sentences that Salvatore Vitale, Sammy the Bull
Grav[a]no, and other cooperating witnesses have
received as a result of cooperating with the
government, defendant's motion is denied.  The Court

2

finds that such questioning about cooperator's impressions of the benefits of other specific cooperators, that other specific cooperators have received, is not essential to effective cross-examination for bias.

The Court further finds that such examination is both prejudicial and likely to create confusion.  Any probative value such evidence would have is substantially outweighed by the likelihood of prejudice and confusion and thus is barred under Federal Rule of Evidence 403.

The defendant may inquire into these cooperating witnesses' biases through a broad range of questions about the benefits they expect to receive without inquiring into what benefits specific named cooperatineg witnesses received.  [For] the same reasons, the defense will not be permitted to reference the sentences specific cooperating witnsses have received during their opening statement.

Basciano Trial Tr. at 4507-08 (Apr. 11, 2011) (attached hereto).

Thereafter, when Sal Vitale was called to testify by the defense in Basciano, the sentence Vitale received was not put before the jury.  In summations, however, defense counsel suggested that Vitale was not in custody.  In an effort to eliminate unfair prejudice to the government, Judge Garaufis instructed the jury as follows:

Yesterday defense counsel made some statements in summation concerning the current status of Sal Vitale. You should draw no inferences concerning the sentence Mr. Vitale or any cooperating witness may or may not receive except as will be set forth in my instructions on the law.  Those sentences are not within the government's control.  They are solely within the discretion of the sentencing court.

Basciano Trial Tr. at 8223 (May 10, 2011) (attached hereto).

As Judge Garaufis correctly observed, the sentences received by cooperating witnesses are judicial determinations, not benefits conferred to witnesses by the government.  See

3

Basciano Trial Tr. at 4429 (describing comparisons of cooperating witnesses' sentences as "apples and oranges"); see id. at 4428 (observing that placing a cooperator's sentence before the jury "brings into question what the Court did with Sal Vitale"). Revisiting such judicial determinations before a jury presents substantial risks of confusion and prejudice in that, in order to put an individual witness's sentence into context, the government would need to present voluminous information to the jury - the very same information provided to the sentencing court - which risks wasting time, causing delay and creating a confusing side-show for the jury.

<u>Conclusion</u>

For the reasons set forth above, the Court should grant the government's motion to preclude the introduction of evidence, including through cross-examination, of the sentences received by sentenced cooperating witnesses.  In addition, the government respectfully requests that the Court give an appropriate curative instruction should such evidence be put before the jury.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:   /s/ Cristina M. Posa
      Elizabeth A. Geddes
      James D. Gatta
      Cristina M. Posa
      Assistant U.S. Attorneys
      (718) 254-6668

cc:  Defense Counsel (by ECF, email and hand delivery)

4