# Law Office of Sam Braverman

| | |
|---|---|
| 901 Sheridan Avenue | PO Box 127 |
| Bronx, New York 10451 | Tenafly, New Jersey 07670 |
| Tel (718) 293-1977 | Tel (201) 569-1595 |
| Fax (718) 293-5395 | Fax (201) 596-2724 |
| Braverlaw@aol.com | |

March 20, 2012

Hon. Brian M. Cogan
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York

Re:   *United States v. Thomas Gioeli and Dino Saracino*
        Dkt:   08 Cr 240 (BCM)

Dear Judge Cogan:

   Please accept this letter brief in lieu of more formal papers as Defendant Dino Saracino's response to the Government's March 19, 2012 motion in limine pursuant to FRE 403 seeking to preclude the Defendants from cross-examining the Government's cooperating witnesses as to their sentences received.  For the reasons set forth below, the Government's motion in limine should be denied.

   In its papers, the Government argues that the Defendants' cross-examination of cooperating witnesses as to their sentences is inappropriate, unfairly prejudicial, confusing to the jury and an undue waste of time.  The Government argues the Defendants should be precluded from cross-examining the cooperating witnesses as to such an area pursuant to FRE 403.  The Government's argument is misplaced and misleading.

   As the Court is aware, as enumerated in the Defendants' opening statements, the sentences of the cooperating witnesses in this case, i.e. Salvatore Vitale, goes directly to the motive and bias of Dino Calabro, Sebestanio Saracino, Joseph Competiello and David Gordon's willingness to cooperate in this matter and, we argue, to lie in furtherance of the cooperation.  This is precisely where cross-examination should be directed: to the witness' motives, interests, and biases. See Delaware v. Van Arsdall, 475 US 673 (1986)(exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination).

   It is the Defendant Dino Saracino's contention that the sentences imposed on Salvatore Vitale, James Tartaglione and other sentenced cooperating witnesses was an outcome the non-sentenced cooperating witnesses in this matter contemplated.  In fact, the hope of such a lenient sentence is each witness' motivation to cooperate and, the defense

1

contends, makes it more likely that Calabro, Sebby Saracino, Competiello and Gordon would act in a way to maximize that benefit.  It is not merely the actual sentence that is most relevant (because of the 'apples-to-oranges' issue raised by Judge Garaufis, although it certainly is relevant to the witness who received the sentence and it is not a fact subject to dispute); but, rather the non-sentenced cooperators awareness of these sentences and their motivation to get the same for their cooperation with the Government.  Their awareness of the sentences legitimizes their belief that they will also obtain such a benefit through their cooperation.  The witness' belief as to what benefit he or she will receive is always relevant to their motivation and bias as a witness.

   Contrary to the Government's claim that there is no benefit given to the witness by the Governement for cooperation, the greatest benefit of all is the 5K1.1 letter.  The Court should require the Government to turn over the 5K1.1 letters of all sentenced cooperators in this matter as what sentence the Government recommended to the Court is the benefit that was 'given' to the cooperator for his cooperation, and it is material to the examination of the witness.  Calabro, Saracino, Competiello and Gordon cooperate to this day because of their desire to obtain the brass ring of a 5K1.1.

   Finally, the Government's assertion that the Defendants' cross-examination would be confusing to the jury is utterly meritless and specious.  The Defendants' cross-examination would only help the jury to see undisputed facts and improve their understanding of the motivation and bias of a cooperating witness. All such testimony can do is help the jury in judging the credibility of that witness.

   The Government's motion in limine precluding the Defendants from cross-examining any cooperating witnesses as to their sentence should be denied in its entirety.

                                              Respectfully submitted,

                                              /s/ Giovanni Rosania

                                              _____

                                              Giovanni Rosania, Esq.
                                              Law Office of Sam Braverman