

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG/JDG/CMP
F.#2008R00530

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 20, 2012

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:  United States v. Thomas Gioeli, et al.
     Criminal Docket No. 08-240 (BMC)

Dear Judge Cogan:

Tonight, counsel for the defendant Thomas Gioeli provided the government with two transcripts of recorded conversations between Reynold Maragni and Special Agent Scott Curtis with the Federal Bureau of Investigation. In an accompanying email, counsel for Gioeli indicated that they "may" introduce these excerpts tomorrow in their cross-examination of Maragni. The recordings were made on May 17, 2011, in connection with Maragni's proactive cooperation with the government. On the first excerpt provided by Gioeli, Special Agent Curtis advised Maragni to not further recount in a recorded telephone call with an FBI agent what transpired during any meetings that Maragni recorded as part of his proactive cooperation. On the second recorded excerpt, Maragni referenced something that he "can't talk to [Special Agent Curtis] about." For the reasons set forth below, Gioeli should not be permitted to admit either of the recordings at trial.

With respect to the first recorded excerpt, the government anticipates that, should the defendant elicit such information, both Maragni and Special Agent Curtis would readily admit on cross-examination Special Agent Curtis's admonition to Maragni to not further discuss what occurred during a recorded meetings in a recorded conversation with an FBI agent. As such, the first recorded excerpt Gioeli may seek to admit constitutes,

The Honorable Brian M. Cogan
March 20, 2012
Page 2

at best, extrinsic evidence of a specific instance of conduct, which is barred by Rule 608(b) of the Federal Rules of Evidence.

      The second recorded excerpt is inadmissible because it is wholly irrelevant. The excerpt simply confirms the existence of firewall procedures instituted to ensure that FBI agents, including Special Agent Curtis, and prosecutors assigned to the prosecution of Maragni and his co-defendants in <u>United States v. Russo</u>, Criminal Docket No. 11-30 (KAM), did not learn the contents of any recorded conversations by Maragni of Maragni's co-defendants in <u>Russo</u>. (The article to which Special Agent Curtis referenced was a May 12, 2011 New York Daily News article regarding Gioeli's participation in the 1982 murder of Veronica Zuraw with fellow Colombo family soldier Joseph "Junior Lollipops" Carna, a co-defendant in <u>Russo</u>.)

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                      By: <u>/s/ Elizabeth A. Geddes</u>
                           Elizabeth A. Geddes
                           James D. Gatta
                           Cristina Posa
                           Assistant U.S. Attorneys

cc: Adam D. Perlmutter, Esq. (by ECF)
    Carl J. Herman, Esq. (by ECF)
    Samuel M. Braverman, Esq. (by ECF)
    Clerk of the Court (BMC) (by ECF)