

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG/JDG/CMP
F.#2008R00530

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

April 8, 2012

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Thomas Gioeli, et al.
            Criminal Docket No. 08-240 (S-6) (BMC)

Dear Judge Cogan:

     The government respectfully submits this motion <u>in limine</u> to preclude the defendants Thomas Gioeli and Dino Saracino from introducing further evidence, in any manner whatsoever, of the murders of Frank Saracino and Carlos Pagan.

I.   <u>Background</u>

     During cross-examination of Dino Calabro and Joseph Competiello, the defendants inquired about their participation in the murder of Frank Saracino.  During the cross-examination of Calabro, the defendants inquired about his participation in the murder of Carlos Pagan.  Both Calabro and Competiello denied participating in those murders.  As detailed in the material disclosed pursuant to 18 U.S.C. § 3500, however, some of the government's remaining cooperating witnesses have provided information that, construed liberally, might tend to implicate Calabro and Competiello in those murders.  The government further anticipates that the defendants may seek to present evidence in a defense case suggesting that Calabro and/or Competiello participated in either or both of the murders.

II.  <u>Argument</u>

      The defense should be precluded from introducing further evidence of the murders of Frank Saracino and Carlos

Pagan.  Such evidence is inadmissible under Fed. R. Evid. 608(b) because the murders of Frank Saracino and Carlos Pagan are collateral matters and therefore introducing evidence beyond cross-examining Calabro and Competiello amounts to extrinsic evidence of specific instances of the witnesses' conduct.

1.  Extrinsic Evidence of the Murders of Frank Saracino and Carlos Pagan May Not be Used to Prove Specific Instances of Witnesses' Conduct Under Fed. R. Evid. 608(b)

When evidence of prior misconduct is offered for the impeachment of a witness, "prior misconduct is governed by Fed. R. Evid. 608(b), which precludes proof by extrinsic evidence and limits the inquiry to cross-examination of the witness." United States v. Schwab, 886 F.2d 509, 511 (2d Cir. 1989).  Rule 608(b) provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  Fed. R. Evid. 608; see also United States v. Ramirez, 609 F.3d 495, 499 (2d Cir. 2010) ("[g]enerally, the Federal Rules of Evidence bar the admission of extrinsic evidence, like [another witness]'s testimony, related to the past conduct of a witness"); United States v. Purdy, 144 F.3d 241, 245-46 (2d Cir. 1998) ("[e]xtrinsic evidence offered for impeachment on a collateral issue is properly excluded"; defense correctly precluded from calling agent to impeach government witness regarding exact number of kickback-procured contracts); Ricketts v. Hartford, 74 F.3d 1397, 1413 (2d Cir. 1996) (offer of hospital records to impeach testimony that excessive force not used); United States v. Scotti, 47 F.3d 1237, 1248 (2d Cir. 1995) (proper to preclude testimony of defense witness regarding acts of extortion by victim offered solely for impeachment purposes).

Evidence used to impeach a witness is extrinsic if offered through other witnesses, rather than elicited from the witness himself during cross-examination.  See United States v. Shoreline Motors, 413 Fed. Appx. 322, 329–30 (2d Cir. 2011) (witness's testimony contradicting previous witness's testimony was inadmissible extrinsic evidence on collateral matter, and cross-examination was the proper for testing adverse witness's credibility); see also Walker v. Firestone Tire & Rubber Co., 412 F.2d 60, 63 (2d Cir. 1969) ("While a witness' testimony regarding collateral matters- here an unrelated trial- may not be refuted by calling other witnesses or by production of extrinsic evidence, there is nothing improper in asking questions relating to extrinsic matters in the hope of undermining the witness' credibility."); United States v. Masino, 275 F.2d 129, 133 (2d

Cir. 1960) ("When a witness is cross-examined for the purpose of destroying his credibility by proof of specific acts of misconduct not the subject of a conviction, the examiner must be content with the answer.  The examiner may not, over objection, produce independent proof to show the falsity of such an answer.").  As the Second Circuit has stated, "cross-examination is generally the proper mechanism by which to test an adverse witness's credibility, and the use of extrinsic evidence to further pursue questions posed on cross-examination is generally not permitted." Shoreline Motors, 413 Fed. Appx. at 329; cf. United States v. Martinez, 76 F.3d 1145, 1150 (10th Cir. 1996) ("Where defense counsel has had the opportunity to conduct lengthy cross-examination" concerning a witness's specific instances of bad acts, Fed. R. Evid. 608(b) "brings finality to this process by generally excluding extrinsic evidence for the purpose of further attacking witness credibility.").

The defendants have already had conducted extensive cross-examination of witnesses Dino Calabro and Joseph Competiello on the murders of Frank Saracino and Carlos Pagan, and should be prohibited from introducing further evidence on the matter pursuant to Rule 608(b).

2.   Evidence of Such Murders Are Not Admissible
     Because the Murders Are Collateral In Nature

Notwithstanding Fed. R. Evid. 608(b), the Second Circuit has held that "[a] witness may be impeached by extrinsic proof . . . as to matters which are not collateral, i.e., as to those matters which are relevant to the issues in the case and could be independently proven." United States v. Blackwood, 456 F.2d 526, 530 (2d Cir. 1972) (emphasis added); see also Ramirez, 609 F.3d at 499 (proper to exclude testimony that "related to an entirely collateral matter and did not serve as proof of the charged offense"); United States v. Rivera, 273 Fed. Appx. 55, 58 (2d Cir. 2008) (unrelated murder by prosecution witness "not connected to the murders at issue in the trial and was clearly a collateral matter" and noting "a witness may be impeached by extrinsic proof of a prior inconsistent statement only as to matters which are not collateral"); United States v. Bitterman, 320 F.3d 723, 727 (7th Cir. 2003) ("it is well-settled that 'one may not impeach by contradiction regarding collateral or irrelevant matters' . . . and that a party may not 'contradict for the sake of contradiction'").

In Rivera, the Second Circuit found that the district court properly excluded evidence that one of the government's

witnesses allegedly committed a murder he did not disclose to the government, where the alleged murder was not connected to the murders at issue in the trial and was clearly a collateral matter. Rivera, 273 Fed. Appx. at 58. Similarly to the undisclosed murder in Rivera, the murders of Frank Saracino and Carlo Pagan are collateral matters unrelated to the crimes at issue. Accordingly, the Court should prohibit the defendants from introducing evidence, through other witnesses or in any other manner, of those murders.

III. Conclusion

For the foregoing reasons, the government respectfully requests that the defense be precluded from cross-examining witnesses or introducing evidence during the defendants' trial concerning the murder of Frank Saracino and Carlos Pagan.

                                      Respectfully submitted,

                                      LORETTA E. LYNCH
                                      United States Attorney

                    By:   /s/_____
                          Elizabeth A. Geddes
                          James D. Gatta
                          Cristina M. Posa
                          Assistant U.S. Attorneys

cc:   Adam D. Perlmutter, Esq. (by e-mail)
       Carl Hermann, Esq. (by e-mail)
       Samuel M. Braverman, Esq. (by e-mail)
       Louis V. Fasulo, Esq. (by e-mail)