# LAW OFFICE OF SAMUEL BRAVERMAN

| | |
|---|---|
| 901 Sheridan Avenue | PO Box 127 |
| Bronx, New York 10451 | Tenafly, New Jersey 07670 |
| Tel (718) 293-1977 | Tel (201) 569-1595 |
| Fax (718) 293-5395 | Fax (201) 596-2724 |
| Braverlaw@aol.com | |

April 9, 2012

Hon. Brian M. Cogan
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York

Re:   *United States v. Thomas Gioeli and Dino Saracino*
Dkt:   08 Cr 240 (S-6) (BMC)

Dear Judge Cogan:

      This letter is written in response to the Government's Motion in Limine to preclude the defendants from introducing certain evidence, and to preclude the Government from introducing racially inflammatory language in its case in chief.

A. The defense counsel for Dino Saracino respectfully submits this response to the Government's motion in limine preclude Dino Saracino from introducing further evidence, in any manner whatsoever, of the murders of Frank Saracino and Carlos Pagan.

Background
      During the direct examination of Dino Calabro and Joseph Competiello, the Government inquired about Frank Saracino's relationship to the Colombo Crime Family in addition to the personal relationships Calabro and Competeillo had with Frank Saracino. See Trial Tr. 1190, 1993, 1194, Mar. 27, 2012; see also Trial Tr. 2154, 2175, 2177, Apr. 3, 2012.  During the direct examination of Dino Calabro, the government inquired about the Carlos Pagan murder, and Calabro testified that he was charged with that murder. See Trial Tr. 1296, Mar. 27, 2012.

Argument
      This line of questioning is material to the case,  probative of both motive and bias of the witnesses, and is a topic introduced to the trial by the Government.

      The government contends that the murders of Frank Saracino and Carlos Pagan are collateral matters and thus extrinsic evidence cannot be used to attack a witnesses' credibility. As noted by the government, the Second Circuit ruled in

United States v. Blackwood that a "[a] witness may be impeached by extrinsic proof . . . as to matters which are not collateral, i.e., as to those matters which are relevant to the issues in the case and could be independently proven." See 456 F.2d 526, 531 (2d Cir.1972).

In this instance, fair and reasonable inferences can be drawn from questioning future witnesses about the Frank Saracino and Carlos Pagan murders. The government's contention that the murders are collateral because they are not "relevant" to the murders "at issue" is hollow. The government is attempting to establish Dino Saracino as a made member of the Colombo Crime Family, the same criminal enterprise the Frank Saracino murder and Carlos Pagan murder are allegedly "connected" to.

Furthermore, the Second Circuit has ruled that "A defendant's major weapon when faced with the inculpatory testimony of an accusing witness often is to discredit such testimony by proof of bias or motive to falsify. Evidence of such matters is **never** collateral. See Blackwood, *supra*, at 530 (emphasis added), citing United States v. Lester, 248 F.2d 329, 334 (2d Cir. 1957); United States v. Haggett, 438 F.2d 396, 399 (2d Cir.), cert. denied, 402 U.S. 946, 91 S.Ct. 1638, 29 L.Ed.2d 115 (1971).

The government cites United States v. Bitterman, 320 F.3d 723 (7th Cir. 2003) to support their argument that the Saracino and Pagan murders are collateral matters. Bitterman asserts that "a party may not 'contradict for the sake of contradiction.'" Clearly that is not the case here. Frank Saracino is Dino Saracino's brother, and if Calabro and Competeillo were involved in his murder, further questioning would show that Calabro and Competeillo have bias and motive to falsify against Dino Saracino, and as referenced above, evidence of such matters is **never** collateral. See Bitterman, at 727.

While it is true defense counsel has inquired into the Frank Saracino and Carlos Pagan murders during cross-examination of Dino Calabro and Joey Competeillo, it would be prejudicial to preclude any further questioning of the matters. The government's motion is untimely as FBI SA Scott Curtis, the lead agent on the case, has not testified. Agent Curtis is a highly relevant witness and to preclude defense counsel from questioning Agent Curtis concerning these matters would be highly prejudicial to the defense.

Conclusion
For the foregoing reasons, the defense counsel for Dino Saracino respectfully opposes the government's motion to preclude cross-examining witnesses or introducing evidence during the defendants' trial concerning the murder of Frank Saracino and Carlos Pagan.

B. Defense counsel for Dino Saracino also respectfully moves to exclude the Dave Gordon tape which features Dino Saracino mentioning the word "shines" as racially inflammatory.

Argument

      To preclude such racially inflammatory language would be consistent with the Court's previous ruling and the government's prior position on similarly racially inflammatory language of Reynold Maragni, Dino Calabro, and Joey Competeillo. (See Government's Motion in Limine Seeking to Preclude testimony regarding Racial Animus, March 24, 2012, and this Court's granting of such motion.)

      Highly inflammatory language is governed by Fed. R. Evid. 403. In this instance, the probative value of admitting the term "shines" is substantially outweighed by the danger of prejudice and Fed. R. Evid. 403 was enacted to specifically exclude such evidence. See United States v. Tillem, 906 F. 2d 814, 827 (2nd Cir. 1990) (as cited by the Government in their motion.)

Conclusion

      For the foregoing reasons, the defense counsel for Dino Saracino respectfully requests the court to preclude evidence of Dino Saracino mentioning the word "shines."

Respectfully submitted,

_____
Sam Braverman, Esq.
Attorney for Dino Sarcino

Cc:    AUSA Elizabeth Geddes (By Hand)