

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EAG/JDG/CMP
F.#2008R00530

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

April 9, 2012

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Thomas Gioeli, et al.
         Criminal Docket No. 08-240 (S-6) (BMC)

Dear Judge Cogan:

    The government respectfully submits this motion <u>in limine</u> to preclude the defendants Thomas Gioeli and Dino Saracino from raising, in any manner whatsoever, prior sexual harassment and discrimination claims against medical examiner Dr. Jonathan L. Arden.

BACKGROUND

    Dr. Arden, who was then the First Deputy Chief Medical Examiner at the Office of the Chief Medical Examiner of the City of New York ("OCME"), performed an autopsy on Ralph Dols following Dols' murder on August 25, 1997.  Dr. Arden is expected to testify in the above-captioned case about his conclusion as a result of that autopsy, generally, that Dols died as a result of gunshot wounds consistent with the autopsy report he prepared in connection with the autopsy of Dols.

    From April 1998 to October 2003, Dr. Arden served as the Chief Medical Examiner of the Office of Chief Medical Examiner in Washington, D.C. ("D.C. Medical Examiner's Office"). According to several articles published in the Washington Post and Washington Times in 2003, five deputy medical examiners filed sexual harassment and discrimination complaints with the D.C. Office of Human Rights and the U.S. Equal Opportunity Commission in September 2003.  <u>See</u>, <u>e.g.</u>, Arthur Santana, "D.C. Medical

The Honorable Brian M. Cogan
April 9, 2012
Page 2

Examiner Says He Will Resign; Subordinates Allege Incidents of Harassment, Discrimination," Wash. Post, Sep. 26, 2003; "Medical Examiner Suspended with Pay," Wash. Times, Sep. 24, 2003. According to the articles, the deputy medical examiners claimed that Dr. Arden belittled and made suggestive remarks to female employees, engaged in discriminatory hiring practices and compromised investigations because he distrusted female subordinates; and the D.C. Office of Corporation Counsel substantiated these claims.

In addition, a contemporaneous report by the D.C. Inspector General's Office concluded that there was poor management, significant health and safety problems, inadequate policies and procedures and low employee morale at the D.C. Medical Examiner's Office, which was led by Dr. Arden.[1]  On September 26, 2003, on the same day that the five deputy medical examiners requested his removal, Dr. Arden announced his resignation from the D.C. Medical Examiner's Office.

<u>DISCUSSION</u>

Should the defendants seek to cross-examine Dr. Arden regarding these sexual harassment and/or discrimination claims, the Court should preclude any such reference pursuant to Fed. R. Evid. 608(b) and Fed. R. Evid. 403. Rule 608(b) permits cross-examination regarding "specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness" only when "they are of probative of the character for truthfulness or untruthfulness . . . ." Fed. R. Evid. 608(b) (emphasis added).  "[T]he loathesomeness of prior misconduct does not necessarily bear on the perpetrator's capacity for truth-telling." <u>United States v. Devery</u>, 935 F. Supp. 393, 408 (S.D.N.Y. 1996).  Indeed, "cross-examination concerning immoral acts and acts of sexual perversion may be properly excluded [when] they are not probative of the witness's veracity." <u>Id.</u>; <u>see also</u> <u>United States v. Rabinowitz</u>, 578 F.2d 910, 912 (2d Cir. 1978) (affirming prohibition of cross-examination regarding witness' prior sodomizing of young children because court "fail[ed] to see the logical relevance . . . to the credibility of the witness"); <u>United States v. Nosov</u>, 221 F. Supp. 2d 445,

---

[1]     The D.C. Office of Inspector General report can be found at http://oig.dc.gov/news/view2.asp?url=release%2Fcme_main%2Eshtm&mode=release&archived=1&month=20038&agency=0 (last visited Apr. 9, 2012).

The Honorable Brian M. Cogan
April 9, 2012
Page 3

449 (S.D.N.Y. 2002) (holding pornographic nature of witness' film business venture had little bearing on capacity for truthfulness). Similar to the precluded matters in Rabinowitz and Nosov, relating to immoral or illegal sexual conduct, the sexual harassment and discrimination claims against Arden are not probative of his character for truthfulness or untruthfulness.

Moreover, even if a witness's prior acts are probative of veracity, the Court may exclude them under Fed. R. Evid. 403 when the potential prejudice substantially outweighs their probative value. Fed. R. Evid. 403; see also United States v. Tillem, 906 F.2d 814, 827 (2d Cir. 1990) (holding cross-examination restriction appropriate both because prior misconduct was not probative of truthfulness and any probative value was outweighed by prejudicial effect). In United States v. Beltran-Garcia, the Tenth Circuit found the trial court properly excluded evidence of a testifying officer's prior professional misconduct under Rule 403 because admission could improperly prejudice the jury against the officer based on his lack of judgment instead of his character for truthfulness. 338 Fed. Appx. 765, 772 (10th Cir. 2009). Similar to the precluded evidence in Beltran-Garcia, Arden's discrimination charges will likely confuse the jury by diverting its attention to Dr. Arden's alleged lack of professionalism, management skills and tact rather than his character for truthfulness. Moreover, the harassment charges are rendered even less probative by their remoteness to the matters about which Dr. Arden will be called to testify. See, e.g., United States v. Sasso, 59 F.3d 341, 347 (2d Cir. 1995)("temporal recency or remoteness" of evidence relevant in assessing probative value); United States v. Bari, 750 F.2d 1169, 1179 (2d Cir. 1984) (more than 10 years too remote), cert. denied, 472 U.S. 1019 (1985). Dr. Arden will be called to testify about an autopsy he conducted at his prior office, the New York OCME, not any work he later conducted while at the D.C. Medical Examiner's Office. Indeed, the government is not aware of any allegations of misconduct concerning Dr. Arden while he served at OCME. Accordingly, because there is no probative value to such evidence, and significant potential prejudice to the government, the Court should preclude all evidence regarding Arden's discrimination charges.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the defense be precluded from cross-examining witnesses, introducing evidence, or otherwise making arguments

The Honorable Brian M. Cogan
April 9, 2012
Page 4

during the defendants' trial concerning sexual harassment claims against Dr. Jonathan Arden.

                                      Respectfully submitted,

                                      LORETTA E. LYNCH
                                      United States Attorney

                    By:  /s/_____
                          Elizabeth A. Geddes
                          James D. Gatta
                          Cristina M. Posa
                          Assistant U.S. Attorneys

cc:  Defense counsel (by ECF)