

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG:JDG:CMP                              *271 Cadman Plaza East*
F.#2008R00530                            *Brooklyn, New York  11201*

April 16, 2012

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Thomas Gioeli, et al.
           Criminal Docket No. 08-240 (BMC)

Dear Judge Cogan:

      Counsel for the defendant Thomas Gioeli has advised that he intends to call approximately a dozen witnesses to testify as to the defendant Gioeli's character.  The government respectfully submits this motion <u>in limine</u> to preclude the defendant from eliciting any testimony about specific instances of conduct and to permit the government to cross-examine any such "character" witnesses about, <u>inter alia</u>, Gioeli's membership in the Colombo organized crime family of La Cosa Nostra ("Colombo family"), his affiliation with other Colombo members and associates and his prior convictions for three armed robberies, if the defendant introduces any character testimony.

DISCUSSION

A.   <u>Legal Standard</u>

      Rule 404(a) of the Federal Rules of Evidence ("Rule 404") states that "evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
(1) Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same."  "[B]ased on notions of fairness rather than logic," Rule 404(a) imposes a low threshold for admissibility, "requir[ing] only that the proffered evidence of a character trait relate to some element at issue in the case."  <u>United States v. Han</u>, 230 F.3d 560, 564 (2d Cir. 2000).

Rule 405 of the Federal Rules of Evidence ("Rule 405") governs the methods of proving character. Rule 405(a) states that "in all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct."

Rule 405(b) states that proof may be made by specific instances of a defendant's conduct on direct examination "in cases in which the character or a trait of character of [defendant] is an essential element of a charge." Thus, when character is "in issue" then the defendant may bring out specific instances of conduct on direct examination, but when character is not "in issue" then the defendant may only prove his character on direct examination by testimony about reputation or by opinion testimony.

Once the defendant offers reputation or opinion evidence regarding his good character, the government is permitted to ask the character witness on cross-examination about specific instances of the conduct of the accused. Fed. R. Evid. 405(a); United States v. Russo, 110 F.3d 948, 952 (2d Cir.1997). Such cross-examination is permitted to evaluate the character witness's credibility and knowledge of the defendant, not to prove the defendant's guilt. See United States v. Birney, 686 F.2d 102, 108 (2d Cir. 1982). Accordingly, the government may not ask the witness guilt-assuming hypotheticals, such as, "would your opinion change if you knew the defendant was guilty," or, "did you know the defendant is guilty of the crimes charged." Russo, 110 F.3d at 952; see United States v. Damblu, 134 F.3d 490, 494-95 (2d Cir. 1998); United States v. Oshatz, 912 F.2d 534, 539 (2d Cir. 1990).

Finally, the Second Circuit has recognized that a trial judge may limit the amount of character evidence admitted. United States v. Paccione, 949 F.2d 1183, 1201 (2d Cir. 1991). "The admissibility of character evidence rests in the sound discretion" of the Court. Id.

B.   Application

"Character is an essential element of the crime charged when there is a specific character trait that must be proven as part of the crime." United States v. Chan, No. 97 Cr. 1053 (PKL), 2002 WL 109528, at *1 n.1 (S.D.N.Y. Jan. 25, 2002) (citation omitted). "For example, in an action for seduction in a jurisdiction where the victim must prove her chastity,

2

character would be at issue." See id. Character is not "in issue" when the defendant is charged with racketeering conspiracy and murder in-aid-of racketeering. See United States v. Lecco, 438 Fed. Appx. 187, 190 (4th Cir. 2011) (character is not an essential element in charges of murder with a firearm during a cocaine conspiracy, witness tampering by killing, witness retaliation by killing, and conspiracy to destroy and conceal evidence); United States v. Pantone, 609 F.2d 675, 680 (3d Cir. 1979) ("No claim is made that character is an essential element of the RICO offenses charged here"). Accordingly, Gioeli should not be permitted to elicit, in any manner, testimony of specific instances of the defendant's conduct.

Additionally, the government should be permitted to cross-examine any character witnesses as to their knowledge of Gioeli's membership in the Colombo family, his close association with other Colombo family members and associates, and his participation in a series of armed robberies during 1974, for which the defendant was later convicted.[1] See Michelson v. United States, 335 U.S. 469, 481 (1948) ("A character witness may be cross-examined as to an arrest whether or not it culminated in a conviction, according to the overwhelming weight of authority."). The government should also be permitted to cross-examine any character witnesses about their knowledge of a 1980 arrest – while the defendant was on parole – for issuing a bad check. See id. Finally, the government should be permitted to inquire of these witnesses whether such information would change their opinion as to the defendant's character

CONCLUSION

For the reasons set forth above, the Court should grant the government's motion in limine to preclude the defendant from eliciting any specific instances of conduct from any character witnesses that he calls and the government should be permitted to

---

[1]  On August 6, 1974, the defendant and three others participated in a robbery at gunpoint of $362 from a supermarket in Brooklyn. On August 10, 1974, the defendant and three others participated of a robbery at gunpoint of $9,700 from a Pathmark Supermarket and then stole a getaway vehicle at gunpoint. On August 24, 1974, the defendant and two others, armed with a sawed off shotgun and two handguns, participated in a robbery of $10,000 from a Pathmark Supermarket and then stole a getaway vehicle at gunpoint.

3

cross-examine any witness as to their knowledge of specific instances of conduct and whether such information would change their opinion as to Gioeli's character.

                Respectfully submitted,

                LORETTA E. LYNCH
                United States Attorney

           By:  /s/
                Elizabeth A. Geddes
                James D. Gatta
                Cristina M. Posa
                Assistant U.S. Attorneys

cc:  Defense Counsel (by ECF)