

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG/JDG/CMP      *271 Cadman Plaza East*
F.#2008R00530    *Brooklyn, New York  11201*

April 23, 2012

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Thomas Gioeli, et al.</u>
     <u>Criminal Docket No. 08-240 (S-6) (BMC)</u>

Dear Judge Cogan:

  The government respectfully submits this letter in support of its request that the Court instruct the jury that it can also find the defendants guilty of the charged murders in-aid-of racketeering under a <u>Pinkerton</u> theory of liability.

  In <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946), the Supreme Court held that the criminal act of one conspirator in furtherance of the conspiracy is "attributable to the other[ ] [conspirators] for the purpose of holding them responsible for the substantive offense."  <u>Id.</u> at 647.  This theory of liability permits the government to prove the guilt of one defendant through the acts of another committed within the scope of and in furtherance of a conspiracy of which the defendant was a member, provided the acts are reasonably foreseeable as a necessary or natural consequence of the conspiracy.

  Although the defendants are not charged in this case with conspiracy to murder in-aid-of racketeering, that does not preclude the Court from giving the jury a <u>Pinkerton</u> instruction.  <u>See</u>, <u>e.g.</u>, <u>United States v. Lopez</u>, 271 F.3d 472, 480-81 (3d Cir. 2001) ("a conspiracy need not be charged in order for Pinkerton's doctrine to apply"); <u>United States v. Chairez</u>, 33 F.3d 823, 827 (7th Cir. 1994) ("[T]he absence of a conspiracy charge does not preclude the district court from applying a <u>Pinkerton</u> theory . . . if the evidence so suggests."); <u>Thomas v. United States</u>, 748 A.2d 931, 934 (D.C. App. 2000) ("[E]very federal court that has decided [whether <u>Pinkerton</u> can be charged when there is no

conspiracy charge in the indictment] has held that such an instruction is proper.") (citing United States v. Jackson, 627 F. 2d 1198, at 1216 (D.C. Cir. 1980) (holding authority for giving a Pinkerton instruction in these circumstances is "firmly established")).

Nor is it problematic – as the defendants suggested in Court today – that the jury be instructed on alternate theories of liability. The Second Circuit has repeatedly held that a district court may instruct the jury as to both aiding-and-abetting and Pinkerton theories of liability. See United States v. v. Malpeso, 115 F.3d 155, 166 (2d Cir. 1997); United States v. Masotto, 73 F.3d 1233, 1241 (2d Cir. 1996) ("[w]hen the jury is properly instructed on two alternative theories of liability, as here, we must affirm when the evidence is sufficient under either of the theories."). See also Copeland-El v. United States, No. 08 Civ. 1383, 2008 WL 5220829, at *1 (E.D.N.Y. Dec. 12, 2008) ("The Court instructed the jury as to aiding and abetting and Pinkerton liability on the unlawful use of a firearm count pursuant to 18 U.S.C. § 924(c). There is nothing inappropriate about a jury being presented with multiple theories of liability.").

According, the government requests that the Court instruct the jury that it can also find the defendants guilty of the charged murders in-aid-of racketeering under a Pinkerton theory of liability, as included in the government's request to charge.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: /s/_____
Elizabeth A. Geddes
James D. Gatta
Cristina M. Posa
Assistant U.S. Attorneys

cc: Adam D. Perlmutter, Esq. (by ECF)
    Carl Herman, Esq. (by ECF)
    Samuel M. Braverman, Esq. (by ECF)
    Louis V. Fasulo, Esq. (by ECF)

2