# LAW OFFICE OF SAMUEL BRAVERMAN

**901 Sheridan Avenue**                                                                          **PO Box 127**
**Bronx, New York 10451**                                                     **Tenafly, New Jersey 07670**
**Tel (718) 293-1977**                                                                **Tel (201) 569-1595**
**Fax (718) 293-5395**                                                          **Fax (201) 596-2724**
**Braverlaw@aol.com**

                                                                                                                 May 1, 2012

Hon. Brian M. Cogan
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York

      Re:      *United States v. Thomas Gioeli and Dino Saracino*
      Dkt:     08 Cr 240

Dear Judge Cogan:

      I light of the events of yesterday at trial, I write to the Court to request the following be included in the continued instructions to the jury.

      As I have maintained, the joinder of the two defendants is for "judicial economy" and is to the great disadvantage of the defendants. Insofar as counsel for Mr. Gioeli has made arguments to the jury that prejudiced my client (e.g., Mr. Perlmutter's argument that Joseph Competiello's first proffer was accurate where he indicated that Dino Saracino killed Richard Greaves), and such prejudice was compounded by the Government suggesting that a conflict between the defendants' arguments should be used against them (e.g., Ms. Geddes' argument that although I had challenged the testimony regarding the death of Greaves in the Saracino basement, Mr. Perlmutter didn't really contest it), I request the following be inserted in the jury instructions:

> As I have told you, the trial of two defendants together is to conserve judicial resources. And as each attorney argues what he feels is in his client's best interest, sometimes there may be a conflict between the two arguments. I instruct you that nothing one attorney argues may be used against the other defendant as a concession of fact, to undercut the other's arguments, or as evidence of the other's guilt. Further, any argument by the lawyers for the Government that seeks to have the jury use the arguments of one defense lawyer against the other defendant is improper and you must not do that. Each defendant stands on his own, and the Government must prove his guilt, if it can, by the evidence and not the arguments of the other counsel.

Further, as I raised yesterday before the Court began instructing the jury, the Government by its rebuttal summation, sought to define the term "lawyers" as meaning only the defense counsel. The Court, in its instructions, told the jury about the roles of lawyers as advocates and not as witnesses, and that the personalities of the lawyers should play no part in the jury's deliberations. I requested that the Court instruct the jury that by the terms lawyer, counsel, or attorney, the Court referred to counsel both for the Government and for the defendants. The Court indicated that it would do so, but it has not yet done so, and I so request the following:

> When I began my remarks to you and told you about the roles of the lawyers, and wherever in the remarks I have used the terms "lawyer", "counsel", or "attorney", they apply equally to the lawyers for the Government as well as the lawyers for the defendants.

                                      Respectfully submitted,

                                      _____
                                      Sam Braverman, Esq.
                                      Attorney for Dino Sarcino

Cc:    United States of America (by ECF and by hand)
        Adam Perlmutter, Esq. (by ECF and by hand)