# JLJ LAW

**Law Office of Jennifer R. Louis-Jeune**

**Jennifer R. Louis-Jeune**
**Kestine Thiele**

52 Duane Street, Floor 7
New York, New York 10007
T: 212. 203. 9058
F: 914. 219. 0958
JENNIFER@JLJLAW.COM
KESTINE@JLJLAW.COM

June 8, 2022

**Via ECF**
The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States v. Gioeli,* **Docket No. 08 Cr. 240 (BMC)**
             **Supplemental Memorandum**

Dear Judge Cogan:

      Thomas Gioeli respectfully submits this letter to supplement his Response to the government Motion for Entry of Order of Forfeiture, filed on 5/16/22, at ECF No. 2147. Mr. Gioeli seeks a resolution of this matter for less than the full amount of his current settlement funds, which were deposited with the Clerk of the Court on March 24, 2020.

      To the Court's question of why this issue was not worked out as part of the civil settlement or raised upon the initiation of his claim, this counsel does not have an answer and cannot speculate as to the reasons Mr. Gioeli's civil attorney and/or the attorney for the government failed to foresee this issue.

      Mr. Gioeli does not ask this Court to act as a "roving equity tribunal." He rather appeals to this Court to apply well established principles of equity and fairness to ensure that Mr. Gioeli remains fairly compensated for his injuries incurred while in government custody and to refuse

to allow the government to obtain the entirety of his settlement proceeds at the expense of Mr. Gioeli's future health and well-being.

The government should not be rewarded with the fruits of its own bad behavior. The facts of Mr. Gioeli's case appear to be unprecedented – the government attempting to claw back monies paid to a person by the government to compensate for injuries the government was held liable for. In this case, the government would suffer no consequences for their actions <u>and</u> could continue to seek further assets from Mr. Gioeli in the future if, for example, he were to challenge the government's treatment of him during his incarceration.

Forfeiture is not intended to provide a "windfall" to the Government. *See Pacheco v. Serendensky, 393 F.3d 348, 355 (2d Cir. 2004)* (holding that partial forfeiture of real property was permitted for the purposes of criminal forfeiture because "the alternative could give the government an undeserved windfall."). Here, in the absence of his successful lawsuit, the government would have collected nothing towards forfeiture from Mr. Gioeli because he has no assets. The government's money, intended to compensate for a civil claim, just goes back into the government coffers.

Under Section 853(p), the court is required to substitute assets for unavailable property, "up to the value of any property described..." There is no direction regarding how those assets are to be remitted. We believe this allows the Court to accept a lower amount of substitute assets, in any sum, less than or equal to the full amount of forfeiture in this case or a negotiated lump sum at a given time.

Respectfully submitted,

/s/

Jennifer R. Louis-Jeune