```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :   MEMORANDUM
                  -against-                                 :   DECISION
                                                            :
THOMAS GIOELI,                                              :   08-cr-240 (BMC)
                                                            :
                                              Defendant.    :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

As part of his sentence for racketeering and other crimes, defendant was ordered to pay $360,000 in restitution and to forfeit an equal amount. He then sued the Government under the Federal Tort Claims Act for an unrelated personal injury he sustained while in federal custody. The parties settled for $250,000, which was placed into escrow pending determination of whether the settlement fund should be applied to defendant's restitution or forfeiture obligations.

By prior Order, I denied defendant's motion to vacate or modify the amount of restitution in light of this settlement. United States v. Gioeli, No. 08-cr-240, 2019 WL 6173421 (E.D.N.Y. Nov. 20, 2019). I also ordered defendant to show cause why his payment schedule should not be accelerated pursuant to 18 U.S.C. § 3664(k) so that the settlement fund could be immediately applied to his restitution obligation. Following that, a co-defendant satisfied the joint and several restitution obligation, but the forfeiture obligation remains outstanding.[1]

The case is before me on the Government's motion to apply the settlement fund to defendant's forfeiture obligation as a substitute asset under 18 U.S.C. § 1963(m) and Fed. R.

---

[1] Defendant also filed a motion to: (1) confirm that restitution was satisfied; (2) refer further litigation about the settlement fund to Judge Matsumoto, who had presided over the settlement of the personal injury action; and (3) notify the Bureau of Prisons of the satisfaction of the restitution obligation. A satisfaction of the restitution obligation has been filed, and the Government has confirmed that it notified the BOP of that. That portion of the motion seeking reassignment of the restitution motion is denied as moot.

Crim. P. 32.2(e)(1)(B). The Government has submitted evidence showing that, despite due diligence, it has been unable to locate the direct or traceable proceeds of defendant's criminal activity. That inability is one of the tests for substituting an asset. Cf. <u>United States v. Bermudez</u>, 413 F.3d 304 (2d Cir. 2005) (applying 21 U.S.C. § 853(p), which is *in pari materia* with 18 U.S.C. § 1963(m)).

      Defendant does not dispute that the Government has met its burden of showing that the settlement fund qualifies as a substitute asset. Rather, he contends that if the settlement fund is forfeited, then the Government's negligence which led to the creation of the settlement fund will be excused without consequence. He appeals to "well established principles of equity and fairness" to avoid what he describes would be a "windfall" for the Government. I don't see it that way.

      First, there is no dispute that § 1963(m) and Rule 32.2(e) are phrased in mandatory terms. Section 1963(m) provides that if the Government identifies property subject to forfeiture, "the court shall order the forfeiture … .." Rule 32.2(e) similarly states that the court "must" order forfeiture if the Government identifies property subject to forfeiture. Amorphous concepts of "equity and fairness" cannot take precedence over unambiguous statutes and rules that have been enacted or adopted by Congress.

      Second, I do not see the windfall. Defendant is not being deprived of an asset; rather, the asset is being applied to reduce defendant's liabilities. If the Government could both collect the settlement fund and maintain the forfeiture obligation without applying the settlement fund to it, then that would be a windfall. In contrast, from the Government's perspective, its asset – the forfeiture judgment – is being reduced dollar for dollar by the settlement fund.

Conversely, the only thing of which defendant is being deprived is the unrestricted decision on how to apply this newly acquired asset. What defendant really wants to do is stiff the Government on his forfeiture obligation and spend the money on something he would prefer. But the law doesn't permit that. The law gives priority to his forfeiture obligation. It is one of the consequences of defendant's criminal activity expressly set forth in the judgment against him.

In short, if defendant were to prepare a balance sheet both before and after the forfeiture order, his net worth would be the same. An asset would be reduced by the same amount as a liability.

Because defendant has not identified any basis for not ordering forfeiture of the settlement fund, the Government's motion to forfeit it as a substitute asset is granted. The Court will separately enter an Order providing for forfeiture, including the procedures for implementing forfeiture as required by law.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
       July 2, 2022